THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| LAZARO STERN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ACADEMY MORTGAGE CORPORATION,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING [17] PLAINTIFFS' AMENDED MOTION TO CONSOLIDATE RELATED ACTIONS**<br><br>Case No. 2:24-cv-00015-DBB-CMR<br><br>District Judge David Barlow |

Before the court is Plaintiffs' Joint Motion to Consolidate Related Actions pursuant to Federal Rule of Civil Procedure 42.[1] Plaintiffs Lazaro Stern, Celeste Allen, and Lisa Kucherry, in their individual capacities and on behalf of all others similarly situated (collectively "Plaintiffs"), move the court to consolidate three putative class actions ("Related Actions").[2] For the reasons below, the court grants Plaintiffs' motion.

## BACKGROUND

The cases involve the same relevant background. Academy Mortgage Corporation ("Academy Mortgage") is an independent mortgage lender based in Utah.[3] The Complaint alleges that Academy Mortgage collects sensitive personally identifiable information ("PII") from its customers.[4] Plaintiffs assert that in collecting and maintaining putative class members'

---

[1] Pls.' Am. Mot. to Consolidate Classes, ECF No. 17, filed February 1, 2024 [hereinafter Mot. to Consolidate].
[2] *Stern v. Academy Mortg. Corp.*, No. 2:24-cv-00015 (D. Utah filed Jan. 5, 2024); *Allen v. Academy Mortg. Corp.*, No. 2:24-cv-00067 (D. Utah filed Jan. 25, 2024); *Kucherry v. Academy Mortg. Corp.*, No. 2:24-cv-00078 (D. Utah filed Jan. 29, 2024).
[3] Class Action Compl. ¶¶ 1, 15, ECF No. 1, filed Jan. 5, 2023. Unless otherwise indicated, the court draws background facts from the lowest-numbered case, No. 2:24-cv-00015.
[4] Class Action Compl. ¶¶ 11, 50–51.

1

PII, Academy Mortgage "agreed it would safeguard the data in accordance with its internal policies as well as state law and federal law."[5]  Defendant also agreed to "take all steps reasonably necessary to ensure that your information is treated securely and in accordance with [its privacy policy agreement] and no transfer of your personal information will take place to an organization or a country unless there are adequate controls in place . . . ."[6]

The Class Action Complaint alleges that on March 21, 2023,[7] cybercriminals gained unauthorized access to Plaintiffs and putative class members personally identifiable information ("PII"), "including, but not limited to name and social security number."[8] Academy Mortgage did not begin notifying putative class members about the data breach until December 20, 2023.[9] The notice stated that "on March 21, 2023, [Academy Mortgage] detected and stopped a network security incident in which an unauthorized third party accessed and disabled some of our systems."[10] The notice also stated that "an unauthorized individual may have accessed certain individual personal information during this incident."[11] Plaintiffs allege that the Academy Mortgage's delay in notifying affected parties about the data breach exacerbated their injuries by preventing them from taking measures to protect their PII.[12] The exposure of Plaintiffs' data allegedly caused disruptive and unlawful account hacking, unauthorized use of financial accounts, and identify fraud.[13] At bottom, Plaintiffs contend Academy Mortgage is liable

---

[5] Class Action Compl. ¶ 20.
[6] Class Action Compl. ¶ 28.
[7] Mot. to Consolidate 1; Compl. ¶ 30.
[8] Class Action Compl ¶¶ 2.
[9] Class Action Compl. ¶ 37.
[10] Class Action Compl. ¶ 30, Ex. A.
[11] Class Action Compl. ¶ 30.
[12] Class Action Compl. ¶ 83.
[13] Class Action Compl. ¶ 82.

because it could have prevented the breach but for its negligence.[14] They seek monetary damages and injunctive and declaratory relief.[15]

Plaintiffs filed three putative class actions between January 5, 2024, and January 29, 2024. On February 1, Plaintiffs filed their Motion to Consolidate.[16] On April 24, the court requested that Academy Mortgage address whether it opposed Plaintiffs' Motion to Consolidate.[17] On May 6, 2024, Academy Mortgage filed its Notice of Non-Opposition and Response, indicating that it did not oppose Plaintiffs' motion.[18]

## STANDARD

Under Rule 42 of the Federal Rules of Civil Procedure, the court may consolidate actions "involv[ing] a common question of law or fact[.]"[19] The court's decision whether to do so "is discretionary and will not be reversed on appeal absent clear error or exigent circumstances[.]"[20] Initially, the court should decide if the actions involve a common question. If a common question of law or fact exists, "the court should [then] weigh the interests of judicial convenience in consolidating the cases against the delay, confusion, and prejudice that consolidation might cause."[21] The movant has the burden to show that consolidation is proper.[22] Local rules further

---

[14] Class Action Compl. ¶¶ 52–59117; ¶¶ 98–188 (alleging claims for negligence, negligence per se, breach of implied contract, breach of implied contract, unjust enrichment, invasion of privacy, and declaratory judgment).
[15] Class Action Compl. ¶¶ A–J.
[16] *See* Mot. to Consolidate. All cases' representative plaintiffs certify that they support the motion.
[17] Docket Text Order, ECF No. 30.
[18] Def.'s Notice of Non-Opp'n and Resp. to Plaintiffs' Motion to Consolidate and Motion to Appoint Co-Lead Class Counsel, ECF No. 31.
[19] Fed. R. Civ. P. 42(a).
[20] *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978).
[21] *Cheney v. Judd*, 429 F. Supp. 3d 931, 936 (D.N.M. 2019) (citation omitted); *see French v. Am. Airlines*, No. 2:08-cv-00638, 2009 WL 1578288, at *2 (D. Utah June 2, 2009) ("Consolidation may be inappropriate where 'the two actions are at such widely separate stages of preparation [that] consolidation of [the] cases would cause further delay and could prejudice the parties.'" (alterations in original) (citation omitted)).
[22] *See Servants of Paraclete, Inc. v. Great Am. Ins. Co.*, 866 F. Supp. 1560, 1572 (D.N.M. 1994) (citing 5 James W. Moore & Jeremy C. Wicker, *Moore's Federal Practice* ¶ 42.04[1], p. 42–6 (1994)).

prescribe that a party may seek to consolidate cases if the party believes that the matters: "(1) arise from substantially the same transaction or event; (2) involve substantially the same parties or property; (3) involve the same patent, trademark, or copyright; (4) call for determination of substantially the same questions of law; or (5) . . . would entail substantial duplication of labor or unnecessary court costs or delay if heard by different judges."[23]

## DISCUSSION

Plaintiffs contend that the Related Actions all raise the same questions of law, involve customers asserting claims against Academy Mortgage, and arise out of the same event, the March 21, 2023 data breach.[24]

Having reviewed the complaints, the court finds that the actions arise from a common set of alleged facts. Plaintiffs are current or former customers allegedly affected by a data breach implicating Academy Mortgage on March 21, 2023.[25] The same party, Academy Mortgage, is the sole defendant in each of the Related Actions. Plaintiffs each assert nearly identical allegations: Academy Mortgage had a duty to protect its customers' PII, and through its negligence, Academy Mortgage failed to protect the PII and delayed notifying its customers, which caused the putative class member's injuries.[26] All the Plaintiffs seek the same relief: monetary damages, an injunction, and declaratory relief.[27]

Next, the court considers whether judicial convenience gained from consolidation outweighs the potential for delay, confusion, or prejudice. Plaintiffs argue that consolidation will

---

[23] DUCivR 42-1(a).
[24] Mot. to Consolidate 3.
[25] *See, e.g.*, Class Action Compl. Ex. A, (Notice of Data Security Incident).
[26] *See* Class Action Compl. 1–3; Compl. 1–6, *Allen v. Academy Mortg. Corp.*, No. 2:24-cv-00067 (D. Utah filed Jan. 25, 2024); Compl. 1–4, *Kucherry v. Academy Mortg. Corp.*, No. 2:24-cv-00078 (D. Utah filed Jan. 29, 2024).
[27] *See, e.g.,* Class Action Compl. 33.

avoid inconsistent verdicts and serve the goals of judicial efficiency by eliminating duplicative and overlapping litigation.[28]  The Related Actions are nearly identical and consolidating them would simplify the litigation. The court and the parties would benefit by avoiding duplicative discovery for each action. Further, consolidation will prevent any possible inconsistent rulings on the same facts. In short, consolidation would promote judicial efficiency and convenience.

Only a negligible risk of delay, confusion, or prejudice weighs against the benefits of consolidating the cases. Each of the Related Actions are in the same procedural posture—Academy Mortgage has not filed a response in each of the Related Actions, nor has discovery begun.[29] Consolidation would therefore not delay matters or confuse parties.[30] While Academy Mortgage has filed a Motion to Dismiss in each of the Related Actions, it stated that it does not object to Plaintiffs' Motion to Consolidate.[31] Prejudice is not likely result to either party.

Consolidating the three cases likely will save considerable time and expense. The court finds that the interest in consolidation far outweighs any possible risk of delay, confusion, or prejudice.

---

[28] Mot. to Consolidate 3.

[29] *See, e.g.*, *Ulibarri v. Novartis Pharms. Corp.*, 303 F.R.D. 402, 404 (D.N.M. 2014) (rejecting consolidation in part because the cases were in a different procedural posture).

[30] *See Trujillo v. City of Farmington Police*, No. 13-1001, 2015 WL 13662769, at *1 (D.N.M. July 1, 2015) ("[C]onsidering that both lawsuits are still in the early stages of litigation, consolidation will not delay the resolution of these cases."); *Dreger v. Progressive Leasing, LLC*, No. 2:23-cv-00783-DBB-CMR, 2024 U.S. Dist. LEXIS 6047, at *7 (D. Utah 2024) (finding a "negligible risk of delay, confusion, or prejudice" where the cases were all "in the early stages of litigation" and no motions had been filed.).

[31] Further, Academy Mortgage has stipulated to Plaintiff's Motions to Extend Time to Respond until the court resolves the Motion to Consolidate. *See* Stipulated Mot. for Extension of Time, ECF No. 28, No. 2:24-cv-00067, filed May 28, 2024; Stipulated Mot. for Extension of Time, ECF No. 19, No. 2:24-cv-00078, filed May 28, 2024.

**ORDER**

Accordingly, the court HEREBY GRANTS Plaintiffs' Joint Amended Motion to Consolidate Related Actions[32] and ORDERS the following:

1.      Pursuant to Federal Rule of Civil Procedure 42, the court hereby consolidates the three related actions[33] into the lowest-numbered pending case, Case No. 2:24-cv-00015 (the "Consolidated Action").[34]

2.      No further filings shall be made in *Allen v. Academy Mortg. Corp.*, No. 2:24-cv-00067; and *Kucherry v. Academy Mortg. Corp.*, No. 2:24-cv-00078. The clerk of court shall administratively close these two cases. All pleadings therein maintain their legal relevance until the filing of the Consolidated Class Action Complaint (the "Consolidated Complaint"). The pending motions to dismiss in all three cases are denied as moot. Defendant is granted leave to file a motion to dismiss 30 days after the filing of the Consolidated Complaint.

3.      All papers previously filed and served to date in the Related Actions are deemed part of the record in the Consolidated Action.


Signed June 10, 2024.

                        BY THE COURT

                        _____

                        David Barlow
                        United States District Judge

---

[32] ECF No. 17.
[33] *Stern v. Academy Mortg. Corp.*, No. 2:24-cv-00015 (D. Utah filed Jan. 5, 2024); *Allen v. Academy Mortg. Corp.*, No. 2:24-cv-00067 (D. Utah filed Jan. 25, 2024); *Kucherry v. Academy Mortg. Corp.*, No. 2:24-cv-00078 (D. Utah filed Jan. 29, 2024)..
[34] *See* DUCivR 42-1(b).