| | |
|---|---|
| KAMIE F. BROWN (8520) <br> KRISTINA M. DUBOIS (18908) <br> **RAY QUINNEY & NEBEKER P.C.** <br> 36 South State Street, Suite 1400 <br> P. O. Box 45385 <br> Salt Lake City, UT 84145-0385 <br> Tel: (801) 532-1500 <br> kbrown@rqn.com <br> kdubois@rqn.com | JUSTIN J. BORON (*pro hac vice*) <br> KEVIN M. RINGEL (*pro hac vice* forthcoming) <br> **FREEMAN MATHIS & GARY, LLP** <br> 1600 Market Street <br> Philadelphia, PA 19103-7240 <br> Tel: (215) 789-4919 <br> justin.boron@fmglaw.com <br> kevin.ringel@fmglaw.com |

*Attorneys for Academy Mortgage Corporation*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| LAZARO STERN, CELESTE ALLEN, LISA KUCHERRY, PETER SMITH, and SHARON THOMPSON, individually and on behalf of others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> ACADEMY MORTGAGE CORPORATION, <br><br> Defendant. | **DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO CONSOLIDATE** <br><br> Case No. 2:24-cv-00015-DBB-DAO <br><br> Judge David Barlow |
| CHARLY BATES, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> ACADEMY MORTGAGE CORPORATION, <br><br> Defendant. | Case No. 2:25-cv-00192-JCB <br><br> Magistrate Judge Jared C. Bennett |

## INTRODUCTION, SPECIFIC RELIEF SOUGHT, AND GROUNDS FOR GRANTING IT

Defendant ("Academy Mortgage") opposes consolidation here on a single and narrow ground. The *Stern* action (2:24-cv-00015-DBB-DAO) was dismissed without prejudice. The case was terminated, and this Court "no longer presides over it." *Waetzig v. Halliburton Energy Servs., Inc.*, 145 S. Ct. 690, 697 (2025). Consequently, there is no action to consolidate with the *Bates* action (2:25-cv-00192-JCB). The Court should therefore deny Plaintiffs' Motion to Consolidate.

## PROCEDURAL BACKGROUND

On January 17, 2025, the Court dismissed Plaintiffs' Consolidated Class Action Complaint "without prejudice." (ECF No. 62 at 14.) On February 12, 2025, and before the action was administratively closed, Plaintiffs filed a Stipulated Motion to Set Schedule for Filing Amended Complaint and Briefing Deadlines. (ECF No. 63.) Importantly, Academy Mortgage did not consent to Plaintiffs' filing the Amended Consolidated Complaint under Rule 15; rather, the parties were simply agreeing to a schedule for the submission of any *proposed* amended complaint. Moreover, Plaintiffs failed to provide a draft and redline version of the *proposed* amended complaint per Rule 15-1 of the local rules. Academy Mortgage therefore did not have the opportunity to review the proposed pleading and object, per Rule 15. In fact, during a good faith conferral, counsel for Plaintiffs stated that Plaintiffs' position was that they could amend without seeking leave from the Court. Academy Mortgage disagreed then, and disagrees now.

On February 13, 2025, the Court granted the Stipulated Motion to Set Schedule for Filing Amended Complaint and Briefing Deadlines. (ECF No. 64.) The Court's order does not grant leave to file the amendment and does not waive or modify the local rules or other procedural requirements concerning the filing of any amendment. Plaintiffs unilaterally filed their First

Amended Complaint on February 21, 2025 (ECF No. 65) without receiving leave (or consent) and before the case was administratively closed.

Academy Mortgage filed a Motion to Dismiss Plaintiffs' Amended Consolidated Complaint, arguing that (1) it should be struck as improper; (2) the doctrines of issue preclusion and law of the case bar Plaintiffs from re-litigating Article III standing; (3) Plaintiffs lack standing; and (4) Plaintiffs fail to state a plausible claim for relief. (ECF No. 68.)

## LEGAL STANDARD

Under Rule 42(a) of the Federal Rules of Civil Procedure, a court may consolidate actions that involve "a common question of law or fact." The Court's decision of whether to consolidate actions "is discretionary." *Stern v. Acad. Mortg. Corp.*, No. 2:24-cv-00015-DBB-DAO, 2024 WL 3046174, at *2 (D. Utah June 18, 2024) (quoting *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978)). Consolidation is not automatic and should not be granted if it would lead to prejudice, confusion, or delay. *French v. Am. Airlines*, No. 2:08-cv-00638-TS, 2009 WL 1578288, at *2 (D. Utah June 2, 2009) ("Consolidation may be inappropriate where the two actions are at such widely separate stages of preparation that consolidation of the cases would cause further delay and could prejudice the parties." (cleaned up)).

## ARGUMENT

Once a dismissal without prejudice is entered, the action is terminated, and the court "no longer presides" over it. *Waetzig*, 145 S. Ct. at 697. Here, the Court dismissed the *Stern* action without prejudice, terminating it, and eliminating the Court's charge over it. The stage of the *Bates* action couldn't be further from the stage of the *Stern* action. One is at the very beginning; the other already came to an end. Put simply, there is no *Stern* action.

Plaintiffs' Motion to Consolidate the *Bates* action with the *Stern* action is procedurally impossible to grant. At best, Plaintiffs in *Stern* are confused by the effect of a dismissal without prejudice. At worst, they are attempting an end run of the Court's dismissal by bootstrapping their claims to the newly filed *Bates* action. In either event, the Court should deny Plaintiffs' Motion to Consolidate and maintain the *Bates* action's separate status.

## CONCLUSION

For the reasons set forth above, Academy Mortgage respectfully requests that this Court deny Plaintiffs' Motion to Consolidate.

DATED this 7th day of April 2025.

                                                  RAY QUINNEY & NEBEKER P.C.

                                                  */s/ Kamie F. Brown*
                                                  Kamie F. Brown
                                                  Kristina M. DuBois

                                                  Justin J. Boron (*pro hac vice*)
                                                  Kevin M. Ringel (*pro hac vice forthcoming*)
                                                  **FREEMAN MATHIS & GARY, LLP**

                                                  *Attorneys for Academy Mortgage Corporation*