KAMIE F. BROWN (8520)
KRISTINA M. DUBOIS (18908)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, Suite 1400
P. O. Box 45385
Salt Lake City, UT 84145-0385
Tel: (801) 532-1500
Fax: (801) 532-7543
kbrown@rqn.com
kdubois@rqn.com

JUSTIN J. BORON (*pro hac vice*)
**FREEMAN MATHIS & GARY, LLP**
1600 Market Street
Philadelphia, PA 19103-7240
Tel: (215) 789-4919
justin.boron@fmglaw.com
kevin.ringel@fmglaw.com

*Attorneys for Academy Mortgage Corporation*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| LAZARO STERN, CELESTE ALLEN, LISA KUCHERRY, PETER SMITH, SHARON THOMPSON, and CHARLY BATES, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ACADEMY MORTGAGE CORPORATION,<br><br>Defendant. | **REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>Case No. 2:24-cv-00015-DBB-DAO<br><br>Judge David Barlow |

Defendant, Academy Mortgage Corporation ("Academy Mortgage"), files its Reply in

support of its Motion to Dismiss the Second Amended Consolidated Class Action Complaint

("Consolidated Complaint") filed by Plaintiffs, Lazaro Stern, Celeste Allen, Lisa Kucherry, Peter Smith, Sharon Thompson, and Charly Bates (collectively "Plaintiffs").

## ARGUMENT

I. **PLAINTIFFS LACK STANDING.**

    A.    **Plaintiff Smith**

Plaintiffs claim that their personal information was published on May 14, 2023, enabling "anyone to access, view, obtain, and use to commit a host of crimes." (Consolidated Compl., ECF No. 74, ¶ 4). Yet Plaintiff Smith's alleged fraud, specifically, that a loan was taken out in his name on April 21, 2023, predates the alleged publication of his personal information on the dark web. Such an allegation undermines Plaintiff Smith's contention that there is a causal connection between the data incident and the alleged loan fraud. *See Stern v. Academy Mortg. Corp.,* No. 2:24-CV-00015-DBB-DAO, 2025 WL 239036, at *4 (D. Utah Jan. 17, 2025) (cleaned up) (rejecting causal connection given that "the identity theft occurred weeks before BlackCat allegedly took credit for the attack and issued a ransom demand to Academy" and "Mr. Smith does not allege that the PII he provided to Academy was posted to the dark web or otherwise made available to third parties *between* the Data Breach and the date the fraudulent loan was made" (emphasis added)). Plaintiff Smith also does not allege that *his* information was published on the dark web. (Consolidated Compl., ECF No. 74, ¶¶ 74–76). Without an allegation of disclosure personal to him, Plaintiff Smith cannot show an injury-in-fact, even putting aside the fact that the temporal connection is lacking.

    B.    **Plaintiff Bates**

Plaintiffs allege that BlackCat posted 9,300 credentials of current and former employees,

including "full names, email addresses (which use the email domain '@academymortgage.com'), employee titles, phone numbers, social media ID numbers (including Facebook, Twitter, LinkedIn, and Instagram), usernames, user ID numbers, passwords, hashed passwords, and IP addresses." (Consolidated Compl., ECF No. 74, ¶ 125). As a former employee of Academy Mortgage, Plaintiff Bates alleges that unauthorized charges were made to his Chase credit card and that his personal information was used in an attempt to open a new credit card in his name. (Consolidated Compl., ECF No. 74, ¶ 103). However, Plaintiff Bates fails to allege any facts establishing how the allegedly compromised credentials, without more, such as, a social security number, could have enabled a third party to make unauthorized charges or attempt to open a new credit card account. *See Blood v. Labette County Medical Center,* No. 5:22-cv-04036-HLT-KGG, 2022 WL 11745549, at *5 (D. Kan. Oct. 20, 2022) ("The [plaintiffs] allege they suffered unauthorized charges to their bank account. But they do not plead any facts suggesting how the mere possession of their Social Security numbers and names would enable someone to make unauthorized charges on an existing account (instead of, for example, opening a new account."). Plaintiff Bates identifies only an attempted, not a successful, new credit card application. *See Jenkins v. Associated Wholesale Grocers, Inc.,* No. 24-4039-DDC-GEB, 2025 WL 708574, at *6 (D. Kan. Mar. 5, 2025) ("Courts have concluded that receiving notice about attempted logins doesn't constitute an injury in fact."). Simply put, Plaintiff Bates alleges "an injury regarding PII not involved in the Data Breach." *In re Progressive Leasing Breach Litig.,* No. 2:23-CV-00783-DBB-CMR, 2025 WL 213744, at *12 (D. Utah Jan. 16, 2025). Absent a link between the kind of compromised information alleged and the fraudulent activity, Plaintiff Bates cannot establish traceability to confer Article III standing.

### C. Plaintiffs Stern, Allen, Kucherry, and Thompson

Plaintiffs Stern, Allen, Kucherry, and Thompson do not allege credit card fraud or identity theft. Instead, they allege that their personal information was compromised because of the data incident. Although Plaintiffs assert that a "plethora" of the "exfiltrated PII" appeared on the dark web (Consolidated Compl., ECF No. 74, ¶ 131), they fail to identify any specific information tied to their names. *See In re Progressive Leasing Breach Litig.,* 2025 WL 213744, at *10. Without such allegations, Plaintiffs cannot plausibly assert a harm sufficient for Article III standing.

### D. Plaintiffs Lack Standing for Injunctive Relief.

Plaintiffs' requested injunctive relief does not redress their alleged injuries. *Webb v. Injured Workers Pharmacy, LLC,* 72 F.4th 365, 378 (1st Cir. 2023). A request for injunctive relief relating to future harm "must be 'certainly impending' or at minimum, there must be a 'substantial risk' that the harm will occur." *In re Progressive Leasing Breach Litig.,* 2025 WL 213744, at *13 (citing *Clapper v. Amnesty Intern. USA,* 568 U.S. 398, 409 n.5 (2013)). In requesting an injunction, Plaintiffs seek to protect their personal information and to prevent Academy Mortgage from experiencing another data breach. (Consolidated Compl., ECF No. 74, ¶ 233; Prayer for Relief Section C). Plaintiffs Stern, Allen, and Smith, in particular, want to ensure the protection of their personal information from future breaches "despite the fact [their] mortgage[s] [are] no longer owned or serviced by Defendant." (Consolidated Compl., ECF No. 74, ¶¶ 36, 50, 77). Yet Plaintiffs fail to demonstrate how the risk of a future data breach occurring at Academy Mortgage is any greater than the risk posed by other companies that also retain their personal information. *See In re Progressive Leasing Breach Litig.,* 2025 WL 213744, at *14 ("If

4

that risk were deemed sufficiently imminent to justify injunctive relief, virtually every company and government agency might be exposed to requests for injunctive relief like the one the plaintiffs seek here." (quoting *Webb v. Injured Workers Pharmacy, LLC,* 72 F.4th 365, 378 (1st Cir. 2023))). Additionally, Plaintiffs request this Court to enjoin Academy Mortgage "from further deceptive practices and making untrue statements about the Data Breach and the stolen PII." (Consolidated Compl., ECF No. 74, Prayer for Relief Section D). However, Plaintiffs fail to allege any likelihood that Academy Mortgage will participate in future "deceptive practices" related to instant data incident, that it will make false statements about a past one, or how "any such statements would harm the plaintiffs." *See Webb,* 72 F.4th at 378 (denying injunction for deceptive and unfair practices and making untrue statements about data breach).

II.  **PLAINTIFFS FAIL TO STATE A CLAIM FOR RELIEF.**

    A.  **Plaintiffs' Negligence Claim (Count I) Should Be Dismissed for Failure to Assert a Concrete Injury.**

Aside from Plaintiffs Smith and Bates, the named Plaintiffs do not allege a current injury. Plaintiff Bates' injury suffers from a causation defect, as it references personal information that was not involved in the data incident. The remaining Plaintiffs, Stern, Allen, Kucherry, and Thompson, fail to plead a present injury sufficient to support a claim for tort damages. *See Steiner Corp. v. Johnson & Higgins of California,* 2000 UT 21, ¶ 14, 996 P.2d 531, 534 ("Any recovery by plaintiff would, of course, be limited to such damages as were occasioned by the alleged negligence of the defendants, that is, damages causally related to such negligent acts or omissions alleged in the plaintiff's complaint." (alteration and citation omitted)). Although Plaintiffs Stern, Allen, Kucherry, and Thompson claim possible misuse of their respective personal information, they do not allege any resulting harm or that their personal information

was published on the dark web, or that they received notice of such publication. As a result, Plaintiffs' negligence claim should be dismissed.

### B. Plaintiff's Breach of Implied Contract (Count II) Should Be Dismissed.

Plaintiffs' claim rests solely on the allegation that they shared personal information in the course of their employment or while receiving mortgage services. *See Weekes v. Cohen Cleary P.C.,* 723 F. Supp. 3d 97, 104 (D. Mass. 2024) (explaining that "the vast majority of commercial transactions today require the disclosure of PII" and the fact that PII was provided as a condition of service is "insufficient to support an implied contract claim"). Yet the mere act of providing personal information to Academy Mortgage, without more, does not support an inference of an assent to be bound by an implied contract. *See, e.g., In re BetMGM Data Breach Litig.,* No. 22-cv-7462 (JXN) (CLW), 2024 WL 5710661, at *5 (D.N.J. Nov. 20, 2024) ("[T]he existence of BetMGM's Privacy Policy alone cannot imply that Defendant implicitly assented to a contract to protect Plaintiff's PII."). Certain authorities cited by Plaintiffs affirm this principle. *See Lopez v. Admin. Off. of Cts.,* 719 F.3d 1178, 1182–83 (10th Cir. 2013) (no implied contract under Utah law); *Soundvision Techs., LLC v. Templeton Grp. Ltd.,* 929 F. Supp. 2d 1174, 1189–90 (D. Utah 2013) (finding no sufficient evidence to support existence of contract implied in fact). The Court should accordingly dismiss Count II with prejudice.

### C. Plaintiffs' Unjust Enrichment Claim (Count III) Should Be Dismissed as Plaintiffs Fail to Allege a Benefit Conferred.

Plaintiffs allege that they conferred a monetary benefit upon Academy Mortgage "in the form of monies paid for mortgage services or through labor." (Consolidated Compl., ECF No. 74, ¶ 291). Yet Plaintiffs fail to allege how Academy Mortgage "commoditized, gained monetary benefit, or otherwise profited from Plaintiffs' PII." *Cahill v. Mem'l Heart Inst., LLC,* No. 1:23-

CV-168, 2024 WL 4311648, at *12 (E.D. Tenn. Sept. 26, 2024). As Plaintiffs point out, an allegation of a monetary benefit conferred is required. *See, e.g., Resnick v. AvMed, Inc.,* 693 F.3d 1317, 1328 (11th Cir. 2012) (monetary benefit in the form of monthly premiums); *In re Capital One Consumer Data Sec. Breach Litig.,* 488 F. Supp. 3d 374, 412 (E.D. Va. 2020) (monetary benefit in the form of fees and interest); *In re Premera Blue Cross Customer Data Sec. Breach Litig.,* 198 F. Supp. 3d 1183, 1201 (D. Or. 2016) (monetary benefit in the form of fees paid for healthcare insurance). At most, Plaintiffs merely identify the existence of a contractual relationship with Academy Mortgage, limited to the receipt of mortgage services purchased and/or employment sought. *See, e.g., Irwin v. Jimmy John's Franchise, LLC,* 175 F. Supp. 3d 1064, 1072 (C.D. Ill. 2016) ("[Plaintiff] did not pay for a side order of data security and protection . . . ."). Given that Academy Mortgage was not unjustly enriched by Plaintiffs' payments for mortgage services and/or employment, this claim should be dismissed with prejudice.

### D. Plaintiffs' Invasion of Privacy (Count IV) Should Be Dismissed as Plaintiffs Fail to Allege Intentional Interference by Academy Mortgage.

Plaintiffs fail to allege an "intentional substantial intrusion" by Academy Mortgage that would support a claim for invasion of privacy. *Stien v. Marriott Ownership Resorts, Inc.,* 944 P.2d 374, 378 (Utah Ct. App. 1997). Most of the cases cited by Plaintiffs in support of this claim either miss the mark or bear no relevance to the instant facts alleged. *See Shattuck-Owen v. Snowbird Corp.,* 16 P.3d 555, 558–59 (Utah 2000) (plaintiff failed to establish claim for invasion of privacy relating to the public disclosure of embarrassing private facts); *In re Ambry Genetics Data Breach Litig.,* 567 F. Supp. 3d 1130, 1143 (C.D. Cal. 2021) (finding invasion of privacy in a data breach involving medical information "because the disclosure of such information is more

likely to constitute an 'egregious breach of the social norms' that is 'highly offensive.'" (citation omitted)); *In re USAA Data Sec. Litig.,* 621 F. Supp. 3d 454, 466 (S.D.N.Y. 2022) (finding sufficient allegations of "injury-in-fact in the form of a loss of privacy protected under the [Driver's Privacy Protection Act]"); *Shedd v. Sturdy Mem'l Hosp.,* No. 2173CV00498C, 2022 WL 1102524, at *11 (Mass. Super. Apr. 5, 2022) (unpublished) (finding sufficient allegations in plaintiffs' claim for invasion of privacy under Massachusetts General Laws, c. 214, § 1B involving medical information during ransomware attack of hospital); *Baton v. Ledger SAS,* 740 F. Supp. 3d 847, 869, 876 (N.D. Cal. 2024) (unpublished) (where database was accessed by "rogue" employees of company, release of plaintiff's information qualified as an invasion of privacy). Accordingly, the Court should dismiss Count IV with prejudice.

  **E.**  **Plaintiffs' Claims for Violations of the California Customer Records Act ("CCRA") and the California Consumer Privacy Act ("CCPA") (Counts V and VI) Should Be Dismissed.**

Plaintiff Bates initially asserts a claim under Cal. Civ. Code § 1798.81.5, which exempts financial institutions from liability. § 1798.81.5(e)(2); *see also* 12 U.S.C. § 1843(k) (defining financial activities, in part, as "[l]ending, exchanging, transferring, investing for others, or safeguarding money or securities"). Given that Academy Mortgage qualifies as a financial institution, a fact Plaintiffs concede in both their Consolidated Complaint (ECF No. 74, ¶ 144) and Opposition (Pls.' Opp'n to Def.'s Mot. to Dismiss, ECF No. 76, at 18), Academy Mortgage is immune from liability under the CCRA. Although Plaintiff Bates subsequently withdraws his claim under Cal. Civ. Code § 1798.81.5, he reasserts the same argument under Cal. Civ. Code § 1798.82. This claim similarly fails, as Plaintiffs do not allege additional facts demonstrating harm resulting from Academy Mortgage's alleged delay in breach notification. *Dugas v.*

*Starwood Hotels & Resorts Worldwide, Inc.,* No. 3:16-cv-00014, 2016 WL 6523428, at *7 (S.D. Cal. Nov. 3, 2016) (dismissing § 1798.82 claim for failure to allege harm resulting from notification of delay to customers). Additionally, Plaintiffs' CCPA statutory damages claims must be dismissed for failure to comply with the pre-suit notice requirements set forth in Cal. Civ. Code § 1798.150(b). As such, dismissal of Counts V and VI with prejudice is warranted.

  F. **Plaintiffs' Claims for Violations of the California Unfair Competition Law ("UCL"), the Washington Consumer Protection Act ("WCPA") and the Idaho Consumer Protection Act ("ICPA") (Counts VII, VIII, IX) Should Be Dismissed.**

Plaintiff Bates fails to allege any ascertainable monetary harm sufficient to support a claim under the UCL. *Rubio v. Cap. One Bank,* 613 F.3d 1195, 1203 (9th Cir. 2010) ("To assert a UCL claim, a private plaintiff needs to have 'suffered injury in fact and . . . lost money or property as a result of unfair competition.'" (alteration in original) (quoting CAL. BUS. & PROF. CODE § 17204)). Similarly, Plaintiffs Allen and Smith do not establish that they suffered an injury to property, as required to state a claim under the WCPA. Accordingly, Plaintiffs have failed to adequately plead the essential elements necessary to sustain a claim under the WCPA. *See Keodalah v. Allstate Ins. Co.,* 449 P.3d 1040, 1047 (Wash. 2019) (explaining that a plaintiff must prove five elements to establish a WCPA claim, including "damage to business or property"). Plaintiff Kucherry likewise fails to allege any ascertainable monetary harm sufficient to support a claim under the ICPA. *See Pickering v. Sanchez,* 544 P.3d 135, 142 (Idaho 2024) (noting that the ". . . the unfair act(s) or practice(s) caused the consumer to suffer an 'ascertainable loss of money or property' (real or personal)." (citation omitted)). Therefore, Counts VII, VIII, and IX should be dismissed with prejudice.

## CONCLUSION

For the reasons set forth above, Academy Mortgage respectfully requests that this Court grant its Motion to Dismiss Plaintiffs' Second Amended Consolidated Class Action Complaint in its entirety.

DATED this 7th day of August, 2025.

        **FREEMAN MATHIS AND GARY, LLP**

        */s/ Justin J. Boron*
        Justin J. Boron *(pro hac vice)*

        **RAY QUINNEY & NEBEKER P.C.**
        Kamie F. Brown
        Kristina M. DuBois
        *Attorneys for Academy Mortgage Corporation*