KAMIE F. BROWN (8520)
KRISTINA M. DUBOIS (18908)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, Suite 1400
P. O. Box 45385
Salt Lake City, UT 84145-0385
Tel: (801) 532-1500
Fax: (801) 532-7543
kbrown@rqn.com
kdubois@rqn.com

JUSTIN J. BORON (*pro hac vice*)
**FREEMAN MATHIS & GARY, LLP**
1600 Market Street
Philadelphia, PA 19103-7240
Tel: (215) 789-4919
justin.boron@fmglaw.com
kevin.ringel@fmglaw.com

*Attorneys for Academy Mortgage Corporation*

---

## THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| LAZARO STERN, CELESTE ALLEN, LISA KUCHERRY, PETER SMITH, SHARON THOMPSON, and CHARLY BATES, individually and on behalf of others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>ACADEMY MORTGAGE CORPORATION,<br><br>        Defendant. | **DEFENDANT'S ANSWERS AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>Case No. 2:24-cv-00015-DBB-DAO<br><br>District Judge David Barlow |

Defendant Academy Mortgage Corporation ("Defendant" or "Academy Mortgage")

submits this answer and affirmative defenses in response to Plaintiffs' Second Amended

Consolidated Class Action Complaint (ECF No. 74, filed May 27, 2025).

## ANSWERS TO PLAINTIFFS' ALLEGATIONS

In response to Plaintiffs' allegations, Defendant answers as follows:

1.      Admitted in part, denied in part. Defendant admits that Plaintiffs purport to bring a class action. The remaining allegations in Paragraph 1 are denied.

2.      Admitted in part, denied in part. Defendant admits that it was an independent mortgage lender based in Draper, Utah and that it offered a wide range of consumer mortgage options, including conventional loans, FHA loans, VA loans, USDA loans, jumbo loans, renovation loans, and other refinancing options. The remaining allegations in Paragraph 2 are denied.

3.      Admitted in part, denied in part. Defendant admits that on March 21, 2023, it detected and stopped a network security incident. Defendant also admits that Plaintiffs cite a web post and that Paragraph 3 contains statements quoted. The remaining allegations in Paragraph 3 are denied.

4.      Denied. Defendant lacks sufficient information to form a belief about the truth of the allegations in Paragraph 4. Accordingly, the allegations in Paragraph 4 are denied.

5.      Admitted in part, denied in part. Defendant admits that it took steps to bolster its network security. The remaining allegations in Paragraph 5 are denied.

6.      Admitted in part, denied in part. Defendant admits that it discovered unauthorized access on May 21, 2023, and admits that Plaintiffs received notice of a data security incident at Defendant. The remaining allegations in Paragraph 6 are denied.

7.      Denied.

8.      Denied.

9.      Denied.

10.     Denied.

11.     Denied.

12.     Denied.

13.     Denied.

14.     Denied.

15.     Denied. Defendant lacks sufficient information to form a belief about the truth of the allegations in Paragraph 15. Accordingly, the allegations in Paragraph 15 are denied.

16.     Denied. Defendant lacks sufficient information to form a belief about the truth of the allegations in Paragraph 16. Accordingly, the allegations in Paragraph 16 are denied.

17.     Denied.

18.     Denied.

19.     Admitted in part, denied in part. Defendant admits that Plaintiffs purport to bring a class action on behalf of the alleged class. The remaining allegations in Paragraph 19 are denied.

20.     Admitted in part, denied part. Defendant admits that Plaintiffs purport to bring claims and seek remedies. The remaining allegations in Paragraph 20 are denied.

21.     Denied. Defendant lacks sufficient information to form a belief about the truth of the allegations in Paragraph 21. Accordingly, the allegations in Paragraph 21 are denied.

## PARTIES

**Lazaro Stern**

22.     Denied. Defendant lacks sufficient information to form a belief about the truth of the allegations in Paragraph 22. Accordingly, the allegations in Paragraph 22 are denied.

23.     Admitted in part, denied in part. Defendant admits that it obtained and maintained PII identifiable to Plaintiff Stern. Defendant also admits that Plaintiff Stern is a former customer of Defendant. The remaining allegations in Paragraph 23 are denied.

24.     Admitted in part, denied in part. Defendant admits that Plaintiff Stern received notice of the security incident at Defendant. The remaining allegations in Paragraph 24 are denied.

25.     Denied.

26.     Admitted part, denied in part. Defendant admits that it obtained Plaintiff Stern's PII. Defendant also admits that state and federal laws generally impose duties regarding the protection of sensitive information. The remaining allegations in Paragraph 26 are denied. Defendant specifically denies that it is subject to "state and federal law," as alleged.

27.     Denied. Defendant lacks sufficient information to form a belief about the truth of the allegations in Paragraph 27. Accordingly, the allegations in Paragraph 27 are denied.

28.     Admitted in part, denied in part. Defendant admits that it obtained Plaintiff Stern's PII. The remaining allegations in Paragraph 28 are denied.

29.     Denied.

30.     Denied. Defendant lacks sufficient information to form a belief about the truth of the allegations in Paragraph 30. Accordingly, the allegations in Paragraph 30 are denied.

31.     Denied.

32.     Denied. Defendant lacks sufficient information to form a belief about the truth of the allegations in Paragraph 32. Accordingly, the allegations in Paragraph 32 are denied.

33.     Denied. Defendant lacks sufficient information to form a belief about the truth of the allegations in Paragraph 33 Accordingly, the allegations in Paragraph 33 are denied.

34.     Denied.

35.     Denied. Defendant lacks sufficient information to form a belief about the truth of the allegations in Paragraph 35. Accordingly, the allegations in Paragraph 35 are denied.

36.     Denied. Defendant lacks sufficient information to form a belief about the truth of the allegations in Paragraph 36. Accordingly, the allegations in Paragraph 36 are denied.

**Celeste Allen**

37.     Denied. Defendant lacks sufficient information to form a belief about the truth of the allegations in Paragraph 37. Accordingly, the allegations in Paragraph 37 are denied.

38.     Admitted in part, denied in part. Defendant admits that it obtained and maintained PII identifiable to Plaintiff Allen. Defendant also admits that Plaintiff Allen is a former customer of Defendant. The remaining allegations in Paragraph 38 are denied.

39.     Admitted in part, denied in part. Defendant admits that Plaintiff Allen received notice of the security incident at Defendant. The remaining allegations in Paragraph 39 are denied.

40.     Denied.

41.     Admitted in part, denied in part. Defendant admits that it obtained Plaintiff Allen's PII. Defendant also admits that state and federal laws generally impose duties regarding the protection of sensitive information. The remaining allegations in Paragraph 41 are denied. Defendant specifically denies that it is subject to "state and federal law," as alleged.

42.     Denied. Defendant lacks sufficient information to form a belief about the truth of the allegations in Paragraph 42. Accordingly, the allegations in Paragraph 42 are denied.

43.     Admitted in part, denied in part. Defendant admits that it obtained Plaintiff Allen's PII. The remaining allegations in Paragraph 43 are denied.

44.    Denied.

45.    Denied.

46.    Denied. Defendant lacks sufficient information to form a belief about the truth of the allegations in Paragraph 46. Accordingly, the allegations in Paragraph 46 are denied.

47.    Denied. Defendant lacks sufficient information to form a belief about the truth of the allegations in Paragraph 47. Accordingly, the allegations in Paragraph 47 are denied.

48.    Denied.

49.    Denied. Defendant lacks sufficient information to form a belief about the truth of the allegations in Paragraph 49. Accordingly, the allegations in Paragraph 49 are denied.

50.    Denied. Defendant lacks sufficient information to form a belief about the truth of the allegations in Paragraph 50. Accordingly, the allegations in Paragraph 50 are denied.

**Lisa Kucherry**

51.    Denied. Defendant lacks sufficient information to form a belief about the truth of the allegations in Paragraph 51. Accordingly, the allegations in Paragraph 51 are denied.

52.    Admitted in part, denied in part. Defendant admits that it obtained and maintained PII identifiable to Plaintiff Kucherry. Defendant also admits that Plaintiff Kucherry is a former customer of Defendant. The remaining allegations in Paragraph 52 are denied.

53.    Admitted in part, denied in part. Defendant admits that Plaintiff Kucherry received notice of the security incident at Defendant. The remaining allegations in Paragraph 53 are denied.

54.    Admitted in part, denied in part. Defendant admits that it obtained Plaintiff Kucherry's PII. Defendant also admits that state and federal laws generally impose duties

regarding the protection of sensitive information. The remaining allegations in Paragraph 54 are denied. Defendant specifically denies that it is subject to "state and federal law," as alleged.

55.     Admitted in part, denied in part. Defendant admits that it obtained Plaintiff Kucherry's PII. The remaining allegations in Paragraph 55 are denied.

56.     Denied.

57.     Denied.

58.     Denied. Defendant lacks sufficient information to form a belief about the truth of the allegations in Paragraph 58. Accordingly, the allegations in Paragraph 58 are denied.

59.     Denied. Defendant lacks sufficient information to form a belief about the truth of the allegations in Paragraph 59. Accordingly, the allegations in Paragraph 59 are denied.

60.     Denied.

61.     Denied. Defendant lacks sufficient information to form a belief about the truth of the allegations in Paragraph 61. Accordingly, the allegations in Paragraph 61 are denied.

62.     Denied. Defendant lacks sufficient information to form a belief about the truth of the allegations in Paragraph 62. Accordingly, the allegations in Paragraph 62 are denied.

***Peter Smith***

63.     Denied. Defendant lacks sufficient information to form a belief about the truth of the allegations in Paragraph 63. Accordingly, the allegations in Paragraph 63 are denied.

64.     Admitted in part, denied in part. Defendant admits that it obtained and maintained PII identifiable to Plaintiff Smith. Defendant also admits that Plaintiff Smith is a former customer of Defendant. The remaining allegations in Paragraph 64 are denied.

65.    Admitted in part, denied in part. Defendant admits that Plaintiff Smith received notice of the security incident at Defendant. The remaining allegations in Paragraph 65 are denied.

66.    Denied.

67.    Admitted in part, denied in part. Defendant admits that it obtained Plaintiff Smith's PII. Defendant also admits that state and federal laws generally impose duties regarding the protection of sensitive information. The remaining allegations in Paragraph 67 are denied. Defendant specifically denies that it is subject to "state and federal law," as alleged.

68.    Denied. Defendant lacks sufficient information to form a belief about the truth of the allegations in Paragraph 68. Accordingly, the allegations in Paragraph 68 are denied.

69.    Admitted in part, denied in part. Defendant admits that it obtained Plaintiff Smith's PII. The remaining allegations in Paragraph 69 are denied.

70.    Denied.

71.    Denied.

72.    Denied. Defendant lacks sufficient information to form a belief about the truth of the allegations in Paragraph 72. Accordingly, the allegations in Paragraph 72 are denied.

73.    Denied.

74.    Denied. Defendant lacks sufficient information to form a belief about the truth of the allegations in Paragraph 74. Accordingly, the allegations in Paragraph 74 are denied.

75.    Denied. Defendant lacks sufficient information to form a belief about the truth of the allegations in Paragraph 75. Accordingly, the allegations in Paragraph 75 are denied.

76.    Denied.

77.     Denied. Defendant lacks sufficient information to form a belief about the truth of the allegations in Paragraph 77. Accordingly, the allegations in Paragraph 77 are denied.

***Sharon Thompson***

78.     Denied. Defendant lacks sufficient information to form a belief about the truth of the allegations in Paragraph 78. Accordingly, the allegations in Paragraph 78 are denied.

79.     Admitted in part, denied in part. Defendant admits that it obtained and maintained PII identifiable to Plaintiff Thompson. Defendant also admits that Plaintiff Thompson is a former employee of Defendant. The remaining allegations in Paragraph 79 are denied.

80.     Denied.

81.     Admitted in part, denied in part. Defendant admits that Plaintiff Thompson received notice of the security incident at Defendant. The remaining allegations in Paragraph 81 are denied.

82.     Admitted in part, denied in part. Defendant admits that it obtained Plaintiff Thompson's PII. Defendant also admits that state and federal laws generally impose duties regarding the protection of sensitive information. The remaining allegations in Paragraph 82 are denied. Defendant specifically denies that it is subject to "state and federal law," as alleged.

83.     Denied. Defendant lacks sufficient information to form a belief about the truth of the allegations in Paragraph 83. Accordingly, the allegations in Paragraph 83 are denied.

84.     Admitted in part, denied in part. Defendant admits that it obtained Plaintiff Thompson's PII. The remaining allegations in Paragraph 84 are denied.

85.     Denied.

86.     Denied. Defendant lacks sufficient information to form a belief about the truth of the allegations in Paragraph 86. Accordingly, the allegations in Paragraph 86 are denied.

87. Denied.

88. Denied. Defendant lacks sufficient information to form a belief about the truth of the allegations in Paragraph 88. Accordingly, the allegations in Paragraph 88 are denied.

89. Denied. Defendant lacks sufficient information to form a belief about the truth of the allegations in Paragraph 89. Accordingly, the allegations in Paragraph 89 are denied.

90. Denied.

91. Denied. Defendant lacks sufficient information to form a belief about the truth of the allegations in Paragraph 91. Accordingly, the allegations in Paragraph 91 are denied.

92. Denied. Defendant lacks sufficient information to form a belief about the truth of the allegations in Paragraph 92. Accordingly, the allegations in Paragraph 92 are denied.

***Charly Bates***

93. Denied. Defendant lacks sufficient information to form a belief about the truth of the allegations in Paragraph 93. Accordingly, the allegations in Paragraph 93 are denied.

94. Admitted in part, denied in part. Defendant admits that it obtained and maintained PII identifiable to Plaintiff Bates. The remaining allegations in Paragraph 94 are denied.

95. Admitted in part, denied in part. Defendant admits that Plaintiff Bates received notice of the security incident at Defendant. The remaining allegations in Paragraph 95 are denied.

96. Admitted in part, denied in part. Defendant admits that it obtained Plaintiff Bates' PII. Defendant also admits that state and federal laws generally impose duties regarding the protection of sensitive information. The remaining allegations in Paragraph 96 are denied. Defendant specifically denies that it is subject to "state and federal law," as alleged.

97.     Admitted in part, denied in part. Defendant admits that it obtained Plaintiff Bates'
PII. The remaining allegations in Paragraph 97 are denied.

98.     Denied.

99.     Denied.

100.    Denied. Defendant lacks sufficient information to form a belief about the truth of
the allegations in Paragraph 100. Accordingly, the allegations in Paragraph 100 are denied.

101.    Denied. Defendant lacks sufficient information to form a belief about the truth of
the allegations in Paragraph 101. Accordingly, the allegations in Paragraph 101 are denied.

102.    Denied.

103.    Denied. Defendant lacks sufficient information to form a belief about the truth of
the allegations in Paragraph 103. Accordingly, the allegations in Paragraph 103 are denied.

104.    Denied. Defendant lacks sufficient information to form a belief about the truth of
the allegations in Paragraph 104. Accordingly, the allegations in Paragraph 104 are denied.

105.    Admitted.

106.    Admitted.

107.    Admitted.

108.    Admitted.

## FACTUAL ALLEGATIONS

109.    Admitted in part, denied in part. Defendant admits that it was an independent
mortgage lender based in Draper, Utah and offered a wide range of consumer mortgage options,
including conventional loans, VA loans, USDA loans, jumbo loans, renovation loans, and other
refinancing options. Defendant states that its retail lending assets were acquired by Guild

Mortgage Co. on or about February 13, 2024. Defendant also admits that Plaintiffs cite a web post. The remaining allegations in Paragraph 109 are denied.

110.    Admitted in part, denied in part. Defendant admits that Plaintiffs cite web posts and that Paragraph 110 contains statements quoted. The remaining allegations in Paragraph 110 are denied.

111.    Admitted in part, denied in part. Defendant admits that it obtains and maintains PII identifiable to its customers and employees. The remaining allegations in Paragraph 111 are denied.

112.    Admitted in part, denied in part. Defendant admits that customers and employees must provide certain information to it as a result of their relationship. The remaining allegations in Paragraph 112 are denied.

113.    Denied.

114.    Admitted in part, denied in part. Defendant admits that it has a privacy policy and that the privacy policy alleged in Paragraph 114 governing web site use contains the alleged statements. The remaining allegations in Paragraph 114 are denied. Defendant specifically denies that the privacy policy alleged in Paragraph 114 is the agreement that governs its relationship with its clients.

115.    Denied.

116.    Denied.

117.    Admitted in part, denied in part. Defendant admits that Plaintiffs are, or were, customers or employees of Defendant. The remaining allegations in Paragraph 117 are denied.

118.    Admitted in part, denied in part. Defendant admits that Plaintiffs received notice of a data security incident at Defendant. The remaining allegations in Paragraph 118 are denied.

119.    Admitted in part, denied in part. Defendant admits that on March 21, 2023, it detected and stopped a network security incident, in which an unauthorized third party accessed and disabled some of its systems. The remaining allegations in Paragraph 119 are denied.

120.    Admitted in part, denied in part. Defendant admits that it sent a letter that contained the statements that "we detected and stopped a network security incident, in which an unauthorized third party accessed and disabled some of our systems." The remaining allegations in Paragraph 120 are denied.

121.    Denied.

122.    Admitted in part, denied in part. Defendant admits that it sent a letter that contained the statements that "we detected and stopped a network security incident, in which an unauthorized third party accessed and disabled some of our systems" and "[o]ur investigation . . . determined an unauthorized third party may have accessed certain individual personal information during this incident." The remaining allegations in Paragraph 122 are denied.

123.    Denied.

124.    Admitted in part, denied in part. Defendant admits that the Data Breach potentially affected 284,443 individuals. The remaining allegations in Paragraph 124 are denied.

125.    Denied. Defendant lacks sufficient information to form a belief about the truth of the allegations in Paragraph 125. Accordingly, the allegations in Paragraph 125 are denied.

126.    Denied. Defendant lacks sufficient information to form a belief about the truth of the allegations in Paragraph 126. Accordingly, the allegations in Paragraph 126 are denied.

127.    Admitted in part, denied in part. Defendant admits that Plaintiffs cite web posts and that Paragraph 127 contains statements quoted. The remaining allegations in Paragraph 127 are denied.

13

128.    Admitted in part, denied in part. Defendant admits that Plaintiffs cite a web post and that Paragraph 128 contains statements quoted. The remaining allegations in Paragraph 128 are denied.

129.    Admitted in part, denied in part. Defendant admits that Plaintiffs cite a web post and that Paragraph 129 contains statements quoted. The remaining allegations in Paragraph 129 are denied.

130.    Admitted in part, denied in part. Defendant admits that Plaintiffs cite a web post and that Paragraph 130 contains statements quoted. The remaining allegations in Paragraph 130 are denied.

131.    Admitted in part, denied in part. Defendant admits that Plaintiffs cite web posts and that Paragraph 131 contains statements quoted. The remaining allegations in Paragraph 131 are denied.

132.    Denied. Defendant lacks sufficient information to form a belief about the truth of the allegations in Paragraph 132. Accordingly, the allegations in Paragraph 132 are denied.

133.    Denied. Defendant lacks sufficient information to form a belief about the truth of the allegations in Paragraph 133. Accordingly, the allegations in Paragraph 133 are denied.

134.    Denied.

135.    Admitted.

136.    Denied.

137.    Admitted in part, denied in part. Defendant admits that in 2016, the FTC updated its publication, Protecting Personal Information: A Guide for Business, and set guidelines. Defendant asserts that the publication is the best evidence of its contents. The remaining allegations in Paragraph 137 are denied.

138.    Admitted in part, denied in part. Defendant admits that in 2016, the FTC updated its publication, Protecting Personal Information: A Guide for Business, and set guidelines. Defendant asserts that the publication is the best evidence of its contents. The remaining allegations in Paragraph 138 are denied.

139.    Admitted in part, denied in part. Defendant admits that in 2016, the FTC updated its publication, Protecting Personal Information: A Guide for Business, and set guidelines. Defendant asserts that the publication is the best evidence of its contents. The remaining allegations in Paragraph 139 are denied.

140.    Admitted in part, denied in part. Defendant admits that in 2016, the FTC updated its publication, Protecting Personal Information: A Guide for Business, and set guidelines. Defendant asserts that the publication is the best evidence of its contents. The remaining allegations in Paragraph 140 are denied.

141.    Admitted in part, denied in part. Defendant admits that the FTC has brought enforcement actions for data protection. The remaining allegations in Paragraph 141 are denied.

142.    Denied.

143.    Admitted in part, denied in part. Defendant admits that it had some data security obligations. The remaining allegations in Paragraph 143 are denied.

144.    Admitted in part, denied in part. Defendant admits that it is a financial institution. The remaining allegations in Paragraph 144 are denied.

145.    Admitted.

146.    Admitted in part, denied in part. Defendant admits that it obtains and maintains PII identifiable to customers and employees. The remaining allegations in Paragraph 146 are denied. Defendant specifically denies that it is subject to all GLBA rules and regulations alleged.

147.    Admitted.

148.    Denied.

149.    Admitted in part, denied in part. Defendant admits that the GLBA Privacy Rule and the Privacy of Consumer Financial Information, Regulation P, require financial institutions to provide consumers with privacy notices. The remaining allegations in Paragraph 149 are denied.

150.    Denied.

151.    Denied.

152.    Admitted in part, denied in part. Defendant admits that Plaintiff purports to cite the Safeguards Rule. The remaining allegations in Paragraph 152 are denied.

153.    Denied.

154.    Denied.

155.    Denied.

156.    Denied. Defendant lacks sufficient information to form a belief about the truth of the allegations in Paragraph 156. Accordingly, the allegations in Paragraph 156 are denied.

157.    Admitted in part, denied in part. Defendant admits that several best practices have been identified. Defendant also admits that the following are data security practices: educating all employees; strong passwords; multi-layer security, including firewalls, anti-virus, and antimalware software; encryption, making data unreadable without a key; multi-factor authentication; backup data; and limiting which employees can access sensitive data. The remaining allegations in Paragraph 157 are denied.

158.    Admitted in part, denied in part. Defendant admits that several best practices have been identified. Defendant also admits that the following are data security practices: installing

appropriate malware detection software; monitoring and limiting the network ports; protecting

web browsers and email management systems; setting up network systems such as firewalls,

switches, and routers; monitoring and protection of physical security systems; protection against

any possible communication system; and training staff regarding critical points. The remaining

allegations in Paragraph 158 are denied.

159.    Admitted in part, denied in part. Defendant admits that there should be time limits

on data storage. The remaining allegations in Paragraph 159 are denied.

160.    Denied.

161.    Admitted in part, denied in part. Defendant admits that the NIST Cybersecurity

Framework Version 1.1 and the Center for Internet Security's Critical Security Controls provide

security standards. The remaining allegations in Paragraph 161 are denied.

162.    Denied.

163.    Denied.

164.    Denied.

165.    Denied.

166.    Denied.

167.    Denied.

168.    Admitted in part, denied in part. Defendant admits that it was aware of the

attacks. The remaining allegations in Paragraph 168 are denied for lack of sufficient information

to form a belief about the truth of the allegations in Paragraph 168.

169.    Admitted in part, denied in part. Defendant admits that Plaintiffs cite a web post.

The remaining allegations in Paragraph 169 are denied.

170.    Admitted in part, denied in part. Defendant admits that Plaintiffs cite a web post. The remaining allegations in Paragraph 170 are denied.

171.    Admitted in part, denied in part. Defendant admits that Plaintiffs cite a web post and that Paragraph 171 contains statements quoted. The remaining allegations in Paragraph 171 are denied.

172.    Admitted in part, denied in part. Defendant admits that Plaintiffs cite a web post and that Paragraph 172 contains statements quoted. The remaining allegations in Paragraph 172 are denied.

173.    Admitted in part, denied in part. Defendant admits that Plaintiffs cite a web post and that Paragraph 173 contains statements quoted. The remaining allegations in Paragraph 173 are denied.

174.    Admitted in part, denied in part. Defendant admits that Plaintiffs cite a web post and that Paragraph 174 contains statements quoted. The remaining allegations in Paragraph 174 are denied.

175.    Admitted in part, denied in part. Defendant admits that Plaintiffs cite a web post and that Paragraph 175 contains statements quoted. The remaining allegations in Paragraph 175 are denied.

176.    Admitted in part, denied in part. Defendant admits that it was aware of the attacks. The remaining allegations in Paragraph 176 are denied for lack of sufficient information to form a belief about the truth of the allegations in Paragraph 176.

177.    Admitted in part, denied in part. Defendant admits that it has some data security obligations that are important. The remaining allegations in Paragraph 177 are denied.

178.    Denied.

179.    Denied. Defendant lacks sufficient information to form a belief about the truth of the allegations in Paragraph 179. Accordingly, the allegations in Paragraph 179 are denied.

180.    Admitted in part, denied in part. Defendant admits that Plaintiffs cite web posts and that Paragraph 180 contains statements quoted. The remaining allegations in Paragraph 180 are denied.

181.    Denied. Defendant lacks sufficient information to form a belief about the truth of the allegations in Paragraph 181. Accordingly, the allegations in Paragraph 181 are denied.

182.    Denied. Defendant lacks sufficient information to form a belief about the truth of the allegations in Paragraph 182. Accordingly, the allegations in Paragraph 182 are denied.

183.    Admitted in part, denied in part. Defendant admits that Plaintiffs cite web posts. The remaining allegations in Paragraph 183 are denied.

184.    Admitted in part, denied in part. Defendant admits that Plaintiffs cite a web post and that Paragraph 184 contains statements quoted. The remaining allegations in Paragraph 184 are denied.

185.    Admitted in part, denied in part. Defendant admits that Plaintiffs cite a web post and that Paragraph 185 contains statements quoted. The remaining allegations in Paragraph 185 are denied.

186.    Admitted in part, denied in part. Defendant admits that Plaintiffs cite a web post. The remaining allegations in Paragraph 186 are denied.

187.    Admitted in part, denied in part. Defendant admits that Plaintiffs cite a web post. The remaining allegations in Paragraph 187 are denied.

188.    Denied.

189.    Denied.

190.    Admitted in part, denied in part. Defendant admits that Plaintiffs cite a web post. The remaining allegations in Paragraph 190 are denied.

191.    Admitted in part, denied in part. Defendant admits that Plaintiffs cite web posts and that Paragraph 191 contains statement quoted. The remaining allegations in Paragraph 191 are denied.

192.    Admitted in part, denied in part. Defendant admits that Plaintiffs cite a web post. The remaining allegations in Paragraph 192 are denied.

193.    Admitted in part, denied in part. Defendant admits that Plaintiffs cite a web post and that Paragraph 193 contains statements quoted. The remaining allegations in Paragraph 193 are denied.

194.    Denied. Defendant lacks sufficient information to form a belief about the truth of the allegations in Paragraph 194. Accordingly, the allegations in Paragraph 194 are denied.

195.    Admitted in part, denied in part. Defendant admits that Plaintiffs cite a web post and that Paragraph 195 contains statements quoted. The remaining allegations in Paragraph 195 are denied.

196.    Denied. Defendant lacks sufficient information to form a belief about the truth of the allegations in Paragraph 196. Accordingly, the allegations in Paragraph 196 are denied.

197.    Denied. Defendant lacks sufficient information to form a belief about the truth of the allegations in Paragraph 197. Accordingly, the allegations in Paragraph 197 are denied.

198.    Denied. Defendant lacks sufficient information to form a belief about the truth of the allegations in Paragraph 198. Accordingly, the allegations in Paragraph 198 are denied.

199.    Denied.

200.    Denied.

201.    Admitted in part, denied in part. Defendant admits that Plaintiffs cite a web post and that Paragraph 201 contains statements quoted. The remaining allegations in Paragraph 201 are denied.

202.    Denied.

203.    Denied.

204.    Admitted in part, denied in part. Defendant admits that Plaintiffs cite a web post. The remaining allegations in Paragraph 204 are denied.

205.    Denied. Defendant lacks sufficient information to form a belief about the truth of the allegations in Paragraph 205. Accordingly, the allegations in Paragraph 205 are denied.

206.    Admitted in part, denied in part. Defendant admits that Plaintiffs cite a web post and Paragraph 206 contains statements quoted. The remaining allegations in Paragraph 206 are denied.

207.    Denied.

208.    Admitted in part, denied in part. Defendant admits that Plaintiffs cite a web post. The remaining allegations in Paragraph 208 are denied.

209.    Denied.

210.    Admitted in part, denied in part. Defendant admits that Plaintiffs reference a chart from the Identity Theft Resource Center and that it contains the chart referenced. The remaining allegations in Paragraph 210 are denied.

211.    Admitted in part, denied in part. Defendant admits that Plaintiffs cite a web post. The remaining allegations in Paragraph 211 are denied.

212.    Denied.

213.    Denied.

214.    Denied.

215.    Admitted in part, denied in part. Defendant admits that Plaintiffs cite a web post and that Paragraph 215 contains statements quoted. The remaining allegations in Paragraph 215 are denied.

216.    Admitted in part, denied in part. Defendant admits that Plaintiffs cite a web post and that Paragraph 216 contains statements quoted. The remaining allegations in Paragraph 216 are denied.

217.    Admitted in part, denied in part. Defendant admits that Plaintiffs cite a web post and that Paragraph 217 contains statements quoted. The remaining allegations in Paragraph 217 are denied.

218.    Denied.

219.    Admitted in part, denied in part. Defendant admits that it offered credit monitoring. The remaining allegations in Paragraph 219 are denied.

220.    Denied.

221.    Denied.

222.    Denied.

223.    Denied.

224.    Denied.

225.    Denied.

226.    Denied.

227.    Admitted in part, denied in part. Defendant admits that it gave Plaintiffs instructions. The remaining allegations in Paragraph 227 are denied.

228.     Denied. Defendant lacks sufficient information to form a belief about the truth of the allegations in Paragraph 228. Accordingly, the allegations in Paragraph 228 are denied.

229.     Denied. Defendant lacks sufficient information to form a belief about the truth of the allegations in Paragraph 229. Accordingly, the allegations in Paragraph 229 are denied.

230.     Defendant lacks sufficient information to form a belief about the truth of the allegations in Paragraph 230. Accordingly, the allegations in Paragraph 230 are denied.

231.     Denied.

232.     Denied.

233.     Denied. Defendant lacks sufficient information to form a belief about the truth of the allegations in Paragraph 233. Accordingly, the allegations in Paragraph 233 are denied.

234.     Denied.

235.     Denied.

236.     Denied.

237.     Denied.

238.     Denied.

## CLASS ALLEGATIONS

239.     Admitted in part, denied in part. Defendant admits that Plaintiffs purport to bring a class action on behalf of the alleged class. The remaining allegations in Paragraph 239 are denied.

240.     Admitted in part, denied in part. Defendant admits that Plaintiffs purport to bring a class action on behalf of the alleged subclasses. The remaining allegations in Paragraph 240 are denied.

241.    Admitted in part, denied in part. Defendant admits that Plaintiffs purport to exclude certain people from the class definition. The remaining allegations in Paragraph 241 are denied.

242.    Admitted.

243.    Denied.

244.    Denied.

245.    Denied.

246.    Denied.

247.    Denied.

248.    Denied.

249.    Denied.

250.    Denied.

251.    Denied.

252.    Denied.

253.    Denied.

254.    Denied.

## COUNT I (Negligence)

255.    Defendant incorporates its responses to Paragraphs 1-254 in response to Plaintiffs' incorporation.

256.    Denied.

257.    Denied.

258.    Denied.

259.    Denied.

260.    Denied.

261.    Denied.

262.    Denied.

263.    Denied.

264.    Denied.

265.    Denied.

266.    Denied.

267.    Denied.

268.    Denied.

269.    Denied.

270.    Denied.

271.    Denied.

272.    Denied.

## COUNT II (Implied Contract)

273.    Defendant incorporates its responses to Paragraphs 1-272 in response to Plaintiffs' incorporation.

274.    Denied.

275.    Denied.

276.    Denied.

277.    Denied.

278.    Denied.

279.    Denied.

280.    Denied.

281.    Denied.

282.    Denied.

283.    Denied.

284.    Denied.

285.    Denied.

286.    Denied.

287.    Denied.

288.    Denied.

## COUNT III (Unjust Enrichment)

289.    Defendant incorporates its responses to Paragraphs 1-288 in response to Plaintiffs' incorporation.

290.    Admitted in part, denied in part. Defendant admits that Plaintiffs purport to allege this claim in the alternative. The remaining allegations in Paragraph 290 are denied.

291.    Denied.

292.    Denied.

293.    Denied.

294.    Denied.

295.    Denied.

296.    Denied.

## COUNT IV (Invasion of Privacy)

297.    Defendant incorporates its responses to Paragraphs 1-296 in response to Plaintiffs' incorporation.

298.    Denied.

299.    Admitted in part, denied in part. Defendant admits that Utah recognizes the tort of invasion of privacy. The remaining allegations in Paragraph 299 are denied.

300.    Denied.

301.    Denied.

302.    Denied.

303.    Denied.

304.    Denied.

305.    Denied.

306.    Denied.

307.    Denied.

308.    Denied.

309.    Denied.

310.    Denied.

311.    Denied.

**COUNT V (California Consumer Protection Act)**

312.    Defendant incorporates its responses to Paragraphs 1-311 in response to Plaintiff Bates' incorporation.

313.    Admitted in part, denied in part. Defendant admits that Plaintiffs purport to bring Count V of Plaintiffs' Second Amended Consolidated Complaint on behalf of the alleged class. The remaining allegations in Paragraph 313 are denied.

314.    Admitted in part, denied in part. Defendant admits that Plaintiffs quote from Cal. Civ. Code. Section 1798.81.5 and that Paragraph 314 contains statements quoted. The remaining allegations in Paragraph 314 are denied.

315.    Denied.

316.    Admitted in part, denied in part. Defendant admits that Plaintiffs quote from Cal. Civ. Code. Section 1798.82(b) and that Paragraph 316 contains statements quoted. The remaining allegations in Paragraph 316 are denied.

317.    Denied.

318.    Denied.

319.    Denied.

320.    Denied.

### COUNT VI (California Consumer Privacy Act)

321.    Defendant incorporates its responses to Paragraphs 1-320 in response to Plaintiff Bates' incorporation.

322.    Denied.

323.    Admitted in part, denied in part. Defendant admits that Plaintiff is a natural person. The remaining allegations in Paragraph 323 are denied for lack of sufficient information to form a belief as to the truth of the allegations and are denied.

324.    Admitted in part, denied in part. Defendant admits that it is a for profit corporation. The remaining allegations in Paragraph 324 are denied.

325.    Denied.

326.    Denied.

327.    Denied.

### COUNT VII (California Unfair Competition Law)

328.    Defendant incorporates its responses to Paragraphs 1-327 in response to Plaintiff Bates' incorporation.

329.    Admitted.

330.    Denied.

331.    Denied.

332.    Denied.

333.    Denied.

334.    Denied.

335.    Denied.

336.    Denied.

337.    Denied.

338.    Denied.

339.    Denied.

340.    Denied.

341.    Denied.

342.    Denied.

343.    Denied.

344.    Denied.

345.    Denied.

**COUNT VIII (Washington Consumer Protection Act)**

346.    Defendant incorporates its responses to Paragraphs 1-345 in response to Plaintiffs Allen and Smith's incorporation.

347.    Denied.

348.    Denied.

349.    Denied.

350.    Denied.

351.    Denied.

352.    Denied.

**COUNT VIX (Idaho Consumer Protection Act)**

353.    Defendant incorporates its responses to Paragraphs 1-352 in response to Plaintiff Kucherry's incorporation.

354.    Denied.

355.    Denied.

356.    Denied.

357.    Admitted in part, denied in part. Defendant admits that the Idaho Consumer Protection Act provides for unfair methods of competition and unfair or deceptive acts or practices. The remaining allegations in Paragraph 357 are denied.

358.    Denied.

359.    Denied.

**PRAYER FOR RELIEF**

360.    Plaintiffs' prayer for relief does not require a response. In any event, Plaintiffs are not entitled to the requested relief, or any relief whatsoever, and Defendant denies each and every allegation not expressly admitted in this answer.

**ADDITIONAL AND AFFIRMATIVE DEFENSES**

Without assuming the burden of proof on any such defenses which would otherwise rest on Plaintiffs, and with the reservation of its rights to amend or supplement its responses, Defendant asserts the following as defenses to Plaintiffs' Second Amended Complaint:

## Standing

361.    Plaintiffs and the class members lack standing under Article III of the U.S. Constitution because they have not alleged an injury-in-fact traceable to Defendant that can remedy the alleged harm.

## Failure to State a Claim

362.    Plaintiffs have failed to state a claim upon which relief can be granted.

## Present Injuries and Actual Damages

363.    Plaintiffs lack recoverable damages based on present injuries caused by Defendant.

## Comparative and Third-Party Fault

364.    Plaintiffs' injuries or damages were caused by a third party not before the Court, including, but not limited to, any persons who misused Plaintiffs' personal information.

365.    Plaintiffs' injuries were caused by idiosyncratic causes that Defendant cannot control

366.    Plaintiffs failed to adequately protect their information from misuse arising from incidents other than the one involving Defendant.

367.    Plaintiffs' data was published on the Dark Web before the data incident experienced by Defendant.

368.    Plaintiffs' data had been compromised in security incidents other than the one involving Defendant.

369.    If Plaintiffs or any member of any class have been injured or damaged, any damage, loss, or liability sustained by Plaintiffs or the class members must be reduced, diminished, and/or barred in proportion to the wrongful or negligent conduct of persons or

entities other than Defendant under the principles of equitable allocation, recoupment, set-off, proportionate responsibility, and comparative fault.

## Proximate Cause

370.    Plaintiffs' injuries were not proximately caused by the data security incident or Defendant's acts or omissions and were caused by other non-party acts or omissions.

## Economic Loss Rule

371.    Plaintiffs' tort claims are barred by the economic loss rule. Plaintiffs have not alleged a claim in the nature of tort and cannot recover tort damages for a purely economic loss.

## Offer and Acceptance

372.    Plaintiffs and Defendant did not expressly nor implicitly agree to any specific level of data security.

## Consideration

373.    Alternatively, any alleged agreement lacked consideration required to make it enforceable.

## Performance

374.    Alternatively, Defendant fulfilled its security and notice obligations to Plaintiffs and remedied any problems resulting from the data incident by taking remedial measures and offering Plaintiffs credit monitoring.

## Impracticability and Impossibility

375.    Alternatively, the nature of the data incident involving Defendant made it impracticable, if not impossible, to perform any alleged security or notice obligations. Defendant's performance was excused.

## Mitigation of Damages

376.    Plaintiffs have failed to mitigate their alleged damages.

## **Not Suitable for Class Action Treatment**

377.    This action is not suitable for class action treatment under Federal Rule of Civil Procedure 23 and the Seventh Amendment and Due Process Clause of the U.S. Constitution.

## **Punitive Damages and Statutory Caps**

378.    This action is subject to the substantive due process limits for punitive damages and damage caps under the laws of Utah, California, Washington, Idaho, and other applicable states.

## **PRAYER FOR RELIEF**

Defendant Academy Mortgage Corporation request that the Court enter judgment in its favor and against Plaintiffs, dismiss this action with prejudice, and award its costs and attorneys' fees.

DATED this 22nd day of October, 2025

**FREEMAN MATHIS & GARY, LLP**

*/s/ Justin J. Boron*
JUSTIN J. BORON (*pro hac vice*)

**RAY QUINNEY & NEBEKER P.C.**
KAMIE F. BROWN
KRISTINA M. DUBOIS
*Attorneys for Academy Mortgage Corporation*