KAMIE F. BROWN (8520)
KRISTINA M. DUBOIS (18908)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, Suite 1400
P. O. Box 45385
Salt Lake City, UT 84145-0385
Tel: (801) 532-1500
Fax: (801) 532-7543
kbrown@rqn.com
kdubois@rqn.com

JUSTIN J. BORON (*pro hac vice)*
**FREEMAN MATHIS & GARY, LLP**
1600 Market Street
Philadelphia, PA 19103-7240
Tel: (215) 789-4919
justin.boron@fmglaw.com
kevin.ringel@fmglaw.com

*Attorneys for Academy Mortgage Corporation*

THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| LAZARO STERN, CELESTE ALLEN, LISA KUCHERRY, PETER SMITH, SHARON THOMPSON, and CHARLY BATES, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ACADEMY MORTGAGE CORPORATION,<br><br>Defendant. | **DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT AND TO JOIN ADDITIONAL PARTIES**<br><br>Case No. 2:24-cv-00015-DBB-DAO<br><br>District Judge David Barlow |

Defendant Academy Mortgage Corporation ("Defendant" or "Academy Mortgage")

submits this Response in Opposition to Plaintiffs' Motion for Leave to File an Amended

Complaint and to Join Additional Parties ("Motion") and states as follows:

Plaintiffs correctly state the ground for refusing leave to amend but are incorrect in stating that it doesn't apply here. "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings,* 568 F.3d 1224, 1229 (10th Cir. 2009) (citing Fed. R. Civ. P. 15(a)(2)).

As early as March 28, 2025, Plaintiffs knew, or should have known, that "Academy Mortgage's assets (but not liabilities) were acquired by Guild Mortgage on or about February 13, 2024." (ECF 68 at 4). Academy Mortgage made this disclosure again on June 27, 2025. (ECF 75 at 2). Suffice it to say that Plaintiffs' Motion to add Guild here is the result of undue delay. That they filed the Motion on the day of the deadline to permit amendments should not excuse the delay.

The prejudice to Academy Mortgage is not insignificant. This case is a complex class action. The effect that a new party will have on the action is significant. The class definition will need to be amended. And it is not clear whether Guild will move to dismiss the case, which will further protract this action. The Court should deny Plaintiffs' Motion. But were it to allow the amendment, the Court should extend the discovery deadline and the deadline for class certification motion practice.

## **PRAYER FOR RELIEF**

Defendant Academy Mortgage Corporation respectfully requests that the Court enter an order denying Plaintiffs' Motion.

DATED this 27th day of March, 2026.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Justin J. Boron*
JUSTIN J. BORON (*pro hac vice*)

**RAY QUINNEY & NEBEKER P.C.**
KAMIE F. BROWN
KRISTINA M. DUBOIS
*Attorneys for Academy Mortgage Corporation*

## WORD COUNT CERTIFICATE

I hereby certify that Academy Mortgage's Response in Opposition to Plaintiffs'

Plaintiffs' Motion for Leave to File an Amended Complaint and to Join Additional Parties

contains less than 300 words and complies with DUCivR 7-1(a).

DATED this 27th day of March, 2026.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Justin J. Boron*
JUSTIN J. BORON (*pro hac vice*)

**RAY QUINNEY & NEBEKER P.C.**
KAMIE F. BROWN
KRISTINA M. DUBOIS
*Attorneys for Academy Mortgage Corporation*
