# — EXHIBIT 1 —

# CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement[1] is made and entered into by and among the following Settling Parties: (i) Plaintiffs Lazaro Stern, Celeste Allen, Lisa Kucherry, Peter Smith, Sharon Thompson, and Charly Bates, individually and on behalf of the Settlement Class, by and through Settlement Class Counsel, on the one hand; and (ii) Defendant Academy Mortgage Corporation on the other hand. The Settlement Agreement is subject to Court approval and is intended by the Settling Parties to fully, finally, and forever resolve, discharge, and settle the Litigation and the Released Claims, upon and subject to the terms and conditions below.

## I. RECITALS

**WHEREAS,** in or around March 2023, Defendant became aware of potential unauthorized access to its network (i.e., the Data Incident). After an investigation, Defendant determined that certain personally identifiable information ("PII") may have been accessed and taken by an unauthorized third party during the Data Incident. The potentially impacted PII included, but is not limited to, first and last names, Social Security numbers, and dates of birth.

**WHEREAS,** after Defendant identified approximately 285,000 individuals whose PII may have been impacted by the Data Incident, notice was sent to those individuals beginning in December 2023.

**WHEREAS,** Plaintiffs are individuals who received notice from Defendant that their PII may have been impacted by the Data Incident.

**WHEREAS,** after Defendant's announcement of the Data Incident, Plaintiff Stern filed his initial complaint against Defendant on January 5, 2024. ECF No. 1. Plaintiffs moved to consolidate Plaintiff Allen's action with Plaintiff Stern's action on January 30, 2024, ECF No. 12,

[1] All capitalized terms herein shall have the same meanings as those defined in Section II herein.

and then filed an amended motion to consolidate on February 1, 2024, ECF No. 17, which was granted on June 18, 2024, ECF No. 40. Plaintiffs' counsel also filed a motion to appoint leadership that was denied without prejudice. ECF Nos. 13, 18, 46. Plaintiffs Stern, Allen, Kucherry, Smith, and Thompson filed a Consolidated Class Action Complaint on July 18, 2024. ECF No. 41. Thereafter, the parties briefed Defendant's motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF Nos. 49, 50, 53. During the pendency of that motion, the parties negotiated and entered an ESI protocol, held their Rule 26(f) conference, and a schedule was submitted and entered. ECF Nos. 54–61. On January 17, 2025, the Court granted Defendant's motion under Rule 12(b)(1) for lack of standing and dismissed the Consolidated Class Action Complaint without prejudice. ECF No. 62.

**WHEREAS,** on February 12, 2025, the parties stipulated to set a schedule for Plaintiffs to file an amended complaint and for briefing Defendant's renewed motion to dismiss. ECF Nos. 63. The Court granted that motion and set the schedule, ECF No. 64, and Plaintiffs filed the Amended Consolidated Class Action Complaint on February 21, 2025. ECF No. 65.

**WHEREAS,** on March 24, 2025, Plaintiffs filed a motion to consolidate a final plaintiff and his California statutory claims into the pending Litigation. ECF No. 66. On April 7, 2025, Defendant filed an opposition to the motion to consolidate, ECF No. 69, and Plaintiffs filed a reply, ECF No. 70. At the same time, Defendant filed a motion to dismiss the Amended Consolidated Class Action Complaint on March 28, 2025, challenging the procedural appropriateness of the Amended Consolidated Class Action Complaint filed on February 21, 2025, arguing issue preclusion, and raising Rule 12(b)(1) and 12(b)(6) grounds for dismissal. ECF No. 68. On May 2, 2025, Plaintiffs opposed Defendant's motion to dismiss. ECF No. 72. Before Defendant could reply, the Court granted Plaintiffs' motion to consolidate and denied Defendant's pending motion

to dismiss as moot, and expressly overruled Defendant's procedural appropriateness and issue preclusion arguments. ECF No. 73.

**WHEREAS,** Plaintiffs filed the Second Amended Class Action Complaint on May 27, 2025, alleging claims for negligence, breach of implied contract, unjust enrichment, invasion of privacy, and violations of the California Consumer Protection Act, the California Customer Records Act, the California Unfair Competition Law, the Washington Consumer Protection Act, and the Idaho Consumer Protection Act. ECF No. 74. Defendant, for the third time, moved to dismiss under Rules 12(b)(1) and 12(b)(6). ECF No. 75. After full briefing, on October 8, 2025, the Court granted in part and denied in part Defendant's motion to dismiss the Second Amended Class Action Complaint, finding the Plaintiffs had standing to sue and dismissing Plaintiffs' unjust enrichment claim. ECF No. 79.

**WHEREAS,** Plaintiffs first served discovery requests on Defendant on November 18, 2024. *See* ECF No. 87. The case was dismissed before responses were due. *Id.* Plaintiffs re-served the same set of requests on September 2, 2025, Defendant responded on October 17, 2025, and produced 63 documents. *Id*. After meeting and conferring and reaching impasse, Plaintiffs filed a short form discovery motion on January 5, 2026, seeking an order compelling Defendant to designate custodians and search terms, produce pre-breach documents and documents regarding data security vendors and security training for employees, and serve a privilege log. *Id*. On February 26, 2026, the Court granted that motion and set compliance dates for Defendant. ECF Nos. 89, 91. By May 7, 2026, Defendant produced over 21,000 documents.

**WHEREAS,** on March 13, 2026, the parties attended a full-day mediation with Michael Ungar from UB Greensfelder LLP. No settlement was reached.

**WHEREAS,** on March 13, 2026, the deadline to file a motion to amend pleadings and join additional parties, Plaintiffs filed a motion to add Guild Mortgage Company, LLC as a defendant because Defendant was acquired by Guild after the Data Incident and during the pendency of this lawsuit. ECF No. 93; ECF No. 88-1, ¶ 5. Defendant opposed that motion, ECF No. 94, and Plaintiffs filed a reply, ECF No. 96. The motion has not been decided.

**WHEREAS,** on October 29, 2025, the Court entered an Amended Scheduling Order, setting July 13, 2026, as the deadline for the close of fact discovery and August 12, 2026, as the deadline for Plaintiffs to file a motion for class certification. ECF No. 85. On April 23, 2026, the parties filed a stipulated motion to revise the scheduling order to (1) provide Defendant an additional two weeks to complete its review and production of ESI as ordered by the Court (ECF No. 89), and (2) extend the close of fact discovery and the class certification deadline. ECF No. 97. The Court granted the former request but not the latter. ECF No. 98.

**WHEREAS,** on May 15, 2026, the parties jointly moved to stay the Litigation pending mediation. ECF No. 99. The Court granted the request. ECF Nos. 100, 101.

**WHEREAS,** on June 30, 2026, the Settling Parties again participated in an all-day mediation before Steven Jaffe of Upchurch Watson White & Max. Following hard-fought, arm's-length negotiations, the Settling Parties eventually reached an agreement in principle on all material terms of the Settlement.

**WHEREAS,** Defendant denies each and all the claims and contentions alleged against it in the Litigation, denies any and all liability or wrongdoing of any kind, and denies all charges of wrongdoing or liability as alleged, or which could be alleged in the Litigation.

**WHEREAS,** the Settling Parties have concluded that further litigation would be protracted and expensive, have considered the uncertainty and risks inherent in litigation, and have

determined that it is desirable to effectuate a full and final settlement of the claims asserted in the above-referenced Litigation on the terms set forth below to avoid the associated burdens, risks, and extensive costs.

**WHEREAS,** Defendant denies any wrongdoing, fault, liability, or damage whatsoever, and this Agreement shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Defendant with respect to any claim of any fault, liability, wrongdoing, or damage whatsoever, or of any weaknesses in the defenses, arguments, or positions that Defendant has asserted or would assert in Litigation.

**WHEREAS,** based on their investigation and their substantial experience in data breach cases, Settlement Class Counsel has concluded that the terms and conditions of this Agreement are fair, reasonable, and adequate to Settlement Class Members and are in their best interests, and they have agreed to settle the claims that were asserted or could have been asserted in the Litigation arising out of or relating to the Data Incident pursuant to the terms and provisions of this Agreement after considering, (a) the substantial benefits that Settlement Class Members will receive from the Settlement, (b) the uncertain outcome and attendant risks of litigation, (c) the delays inherent in litigation, and (d) the desirability of permitting the settlement of this litigation to be consummated as provided by this Agreement.

**WHEREAS,** this Settlement Agreement provides for the full and final resolution of all claims and causes of action asserted, or that could have been asserted, against Defendant and the Released Parties arising out of or related to the Data Incident, including claims brought by and on behalf of Plaintiffs and Settlement Class Members in the Litigation, and any other such actions by and on behalf of any other individuals originating, or that may originate, in jurisdictions in the United States of America against Defendant or the Released Parties relating to the Data Incident.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and among Plaintiffs, individually and on behalf of the Settlement Class, Settlement Class Counsel, and Defendant that, subject to the Court's approval and upon Judgment becoming Final, the Litigation and the Released Claims shall be fully, finally, forever compromised, settled, released, and discharged in accordance with the Agreement and the Litigation shall be dismissed with prejudice as to the Settling Parties, the Settlement Class, and the Settlement Class Members, except those individuals who timely and validly opt out of the Settlement Agreement, upon and subject to the terms and conditions of this Settlement Agreement.

## II. DEFINITIONS

As used in the Settlement Agreement, the following terms have the meanings specified below:

1. "Agreement" or "Settlement" or "Settlement Agreement" means this agreement.

2. "Award of Fees, Costs, and Expenses" means the amount of attorneys' fees and reimbursement of Litigation Costs and Expenses awarded by the Court to Settlement Class Counsel.

3. "CAFA Notice" means the notice required by the Class Action Fairness Act, 28 U.S.C. § 1715, that the Claims Administrator, at the direction of Defendant, shall serve on the appropriate federal and state officials providing notice of the proposed Settlement. The Claims Administrator shall also provide a declaration attesting to compliance with 28 U.S.C. § 1715(b), which will be filed with the motion for final approval.

4. "Claim" means a claim for Settlement benefits made under the terms of this Agreement.

5. "Claim Form" means the forms utilized by the Settlement Class Members to submit

a Claim. The Claim Form will be substantially in a form as shown in **Exhibit A**, attached hereto, which will be available on both the Settlement Website and in paper format, if specifically requested by Settlement Class Members. A tear off Claim Form is also included in the Short Notice attached hereto as **Exhibit D**.

6. "Claims Administration" means the administration of the Settlement by the Claim Administrator, including implementing the Notice Program, receiving and processing Claim Forms and any supporting documentation, responding to Settlement Class Member inquiries, and distributing Settlement Class Member benefits.

7. "Claims Administrator" means Kroll Settlement Administration, a notice and claims administrator with recognized expertise in class action notice programs and claims administration generally, and data security litigation specifically, as jointly selected by the Settling Parties and subject to Court approval to administer the Settlement and perform Claim Administration responsibilities as set forth in this Agreement.

8. "Claims Deadline" means the postmark or online submission deadline for a Valid Claim, which is 90 days after the Notice Deadline.

9. "Claims Period" means the 90-day period during which Settlement Class Members may submit Claim Forms to receive Settlement benefits, which will end on the Claims Deadline.

10. "Costs of Claims Administration" means all reasonable, actual costs associated with or arising from Claims Administration.

11. "Court" means the United States District Court for the District of Utah, including the Honorable David Barlow, United States District Judge, and the Honorable Daphne A. Oberg, United States Magistrate Judge, or any other judge of that court assigned to the Litigation.

12. "Data Incident" means the potential unauthorized access of certain information on

Defendant's computer systems discovered in or about March 2023, which gave rise to the Litigation.

13. "Defendant" means the defendant in this Litigation, Academy Mortgage Corporation.

14. "Defendant's Counsel" means Shook, Hardy & Bacon LLP and Freeman, Mathis & Gary, LLP.

15. "Effective Date" means 10 days after the date which all the events and conditions specified in Paragraph 96(a)–(f) herein have occurred and been met.

16. "Final" means the occurrence of all of the following events: (i) the settlement pursuant to this Settlement Agreement is finally approved by the Court; (ii) the Court has entered a Judgment; and (iii) the time to appeal or seek permission to appeal from the Judgment has expired or, if appealed, the appeal has been dismissed in its entirety, or the Judgment has been affirmed in its entirety by the court of last resort to which such appeal may be taken, and such dismissal or affirmance has become no longer subject to further appeal or review. Notwithstanding the above, any order modifying or reversing any attorneys' fee award or service award made in this Litigation shall not affect whether the Judgment is "Final" or any other aspect of the Judgment.

17. "Final Approval Order" means the Court order finally approving the Settlement Agreement, dismissing the Litigation with prejudice, and instructing that Judgment be entered accordingly.

18. "Final Fairness Hearing" means the hearing to be conducted by the Court to determine the fairness, adequacy, and reasonableness of the Settlement pursuant to the Federal Rules of Civil Procedure and for the Court to determine whether to issue the Judgment.

19. "Judgment" means a judgment entered by the Court, after the Final Fairness

Hearing, which finally approves the Settlement Agreement, certifies the Settlement Class, dismisses the Litigation with prejudice, and is consistent with all material provisions of this Settlement Agreement.

20. "Litigation" means *Stern, et al. v. Academy Mortgage Corporation*, No. 2:24-cv-00015, pending in the United States District Court for the District of Utah.

21. "Litigation Costs and Expenses" means the costs and expenses incurred by Settlement Class Counsel in connection with commencing, prosecuting, settling the Litigation, and obtaining an order of final judgment.

22. "Long Notice" means the long-form notice of settlement posted on the Settlement Website, substantially in the form as shown in **Exhibit C** attached hereto.

23. "Net Settlement Fund" means the amount of funds that remain in the Settlement Fund for payment of Valid Claims for Settlement Class Member benefits after funds are paid from or allocated for payment from the Settlement Fund for the following: (i) reasonable Costs of Claims Administration, (ii) Taxes, (iii) any service awards approved by the Court, and (iv) any Award of Fees, Costs, and Expenses approved by the Court.

24. "Non-Profit Residual Recipient" means "and Justice for all," or such other nonprofit organization as may be approved by the Court to receive any Residual Settlement Funds.

25. "Notice" means the notice of the proposed class action Settlement provided to Settlement Class Members under this Agreement and the Preliminary Approval Order, including the Short Notice, the Long Notice, and the Settlement Website.

26. "Notice Deadline" means 30 days after entry of the Preliminary Approval Order and is the date by which the Claims Administrator shall establish the Settlement Website, toll-free telephone line, and commence the initial mailing of the Short Notice.

27. "Notice Program" means the steps taken by the Claims Administrator to notify the Settlement Class Members of the Settlement as set forth in this Agreement.

28. "Objection Date" means 60 days after the Notice Deadline and is the deadline by which Settlement Class Members must mail the objection to the Claims Administrator and file the objection with the Court for that objection to be effective. The postmark date shall constitute evidence of the date of mailing for these purposes.

29. "Opt-Out Date" means 60 days after the Notice Deadline and is the deadline by which Settlement Class Members must mail their requests to be excluded from the Settlement Class to the Claims Administrator for that request to be effective. The postmark date shall constitute evidence of the date of mailing for these purposes.

30. "Person" means an individual, corporation, partnership, limited partnership, limited liability company or partnership, association, joint stock company, estate, legal representative trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity, and their respective spouses, heirs, predecessors, successors, representatives, or assignees.

31. "Personal Information" means at least first and last names, Social Security numbers, dates of birth, and financial account information.

32. "Plaintiffs" or "Settlement Class Representatives" mean Lazaro Stern, Celeste Allen, Lisa Kucherry, Peter Smith, Sharon Thompson, and Charly Bates.

33. "Preliminary Approval Order" means the Court order preliminarily approving the Settlement Agreement and ordering that notice be provided to the Settlement Class. The Settling Parties' proposed form of Preliminary Approval Order is attached hereto as **Exhibit B**.

34. "Pro Rata Cash Payment" means a pro rata share of the Net Settlement Fund to be

paid to Settlement Class Members who submit Valid Claims for this benefit pursuant to Paragraph 59.

35. "Released Claims" means any and all past, present, and future rights, liabilities, actions, demands, damages, penalties, costs, attorneys' fees, losses, remedies, claims, and causes of action including, but not limited to, any causes of action arising under or premised upon any statute, constitution, law, ordinance, treaty, regulation, or common law of any country, state, province, county, city, or municipality, including 15 U.S.C. §§ 45 *et seq.*, and all similar statutes in effect in any states in the United States; violations of any federal or state data breach notification statute; negligence; negligence *per se*; breach of contract; breach of implied contract; breach of fiduciary duty; breach of confidence; invasion of privacy; fraud; misrepresentation (whether fraudulent, negligent or innocent); unjust enrichment; bailment; wantonness; failure to provide adequate notice pursuant to any breach notification statute or common law duty; and including, but not limited to, any and all claims for damages, injunctive relief, disgorgement, declaratory relief, equitable relief, attorneys' fees and expenses, pre-judgment interest, credit monitoring services, the creation of a fund for future damages, statutory damages, punitive damages, special damages, exemplary damages, restitution, and/or the appointment of a receiver, whether known or unknown, liquidated or unliquidated, existing or potential, accrued or unaccrued, fixed or contingent, direct or derivative, and any other form of legal statutory, or equitable relief that either has been asserted, was asserted, or could have been asserted, by any Plaintiff or Settlement Class Member against any of the Released Parties (including, but not limited to, assigned claims and any and all "Unknown Claims" as defined below) based on, relating to, concerning or arising out of the Data Incident. Released Claims shall not include the right of any Settlement Class Member or any of the Released Parties to enforce the terms of the settlement contained in this Settlement

Agreement and shall not include the claims of individuals who have timely excluded themselves from the Settlement Class consistent with the terms and requirements of this Agreement.

36. "Released Parties" means Academy Mortgage Corporation, Guild Mortgage Company, LLC, and each of their past, present, and future parent companies, partnerships, subsidiaries, affiliates, divisions, contractors, servants, members, providers, partners, principals, directors, shareholders, successors, assigns, and owners, and all of their attorneys, heirs, executors, administrators, insurers and agents and/or third-party administrators thereof, writing companies, coinsurers, reinsurers, joint ventures, personal representatives, predecessors, successors, transferees, trustees, and assigns, and including, without limitation, any Person related to any such entity who is, was, or could have been named as a defendant in the Litigation.

37. "Request for Exclusion" is the written communication by or on behalf of a Settlement Class Member in which he or she requests to be excluded from the Settlement Class in the form and manner provided for in the Notice.

38. "Residual Settlement Fund" means any funds that remain from the Net Settlement Fund after all payments and benefits have been distributed and the time for cashing and/or redeeming payments and benefits has expired. The Residual Settlement Fund will be sent to the Non-Profit Residual Recipient.

39. "Settlement Class" means all living persons residing in the United States who were notified by Defendant that their Personal Information may have been impacted by the Data Incident. The Settlement Class specifically excludes: (i) Defendant, any entity in which Defendant has a controlling interest, and Defendant's officers, directors, legal representatives, successors, subsidiaries, and assigns; (ii) any judge, justice, or judicial officer presiding over this matter and members of their immediate families and their judicial staff; (iii) all individuals who make a timely

Request for Exclusion from this proceeding using the correct protocol for opting out; and (iv) the attorneys representing the Settling Parties in the Litigation. These individuals constitute the "Settlement Class" solely for purposes of certifying a settlement class in this Litigation.

40. "Settlement Class Counsel" means Brittany Resch of Strauss Borrelli PLLC, Anthony L. Parkhill of Barnow and Associates, P.C., and Andrew W. Ferich of Ahdoot & Wolfson, PC.

41. "Settlement Class List" means the list generated by Defendant containing the names, current or last known addresses for all persons who fall under the definition of the Settlement Class, which Defendant shall provide to the Claims Administrator within 14 days of entry of the Preliminary Approval Order.

42. "Settlement Class Member(s)" or "Member(s)" means a Person(s) who falls within the definition of the Settlement Class.

43. "Settlement Fund" means the non-reversionary common fund established under this Agreement in the amount of $1,995,000.00.

44. "Settlement Payment" means any payment to be made to a Settlement Class Member for Valid Claims.

45. "Settlement Website" means the website described in Paragraph 76(c), at a URL mutually selected by the Settling Parties, through which Settlement Class Members may obtain information regarding the Settlement, including its terms, deadlines, and their rights, and submit Claims online.

46. "Settling Parties" means, collectively, Defendant and Plaintiffs, individually and on behalf of the Settlement Class.

47. "Short Notice" means the content of the postcard notice to be mailed to the

proposed Settlement Class Members, substantially in the form as shown in **Exhibit D** attached hereto. The Short Notice will direct recipients to the Settlement Website and inform Settlement Class Members, among other things, of the Claims Deadline, the Opt-Out Date, the Objection Date, the requested Award of Fees, Costs, and Expenses, and the date of the Final Fairness Hearing.

48. "Taxes" means (i) any and all applicable taxes, duties, and similar charges imposed by a government authority (including any estimated taxes, interest or penalties) arising in any jurisdiction, if any, with respect to the income or gains earned by or in respect of the Settlement Fund, including, without limitation, any taxes that may be imposed upon Defendant or Defendant's counsel with respect to any income or gains earned by or in respect of the Settlement Fund for any period while it is held in the Settlement Fund; (ii) any other taxes, duties and similar charges imposed by a government authority (including any estimated taxes, interest or penalties) relating to the Settlement Fund that the Claims Administrator determines are or will become due and owing, if any; and (iii) any and all expenses, liabilities and costs incurred in connection with the taxation of the Settlement Fund (including without limitation, expenses of tax attorneys and accountants).

49. "Unknown Claims" means any of the Released Claims that any Settlement Class Member, including Plaintiffs, does not know or suspect to exist in his or her favor at the time of the release of the Released Parties that, if known by him or her, might have affected his or her settlement with, and release of, the Released Parties, or might have affected his or her decision not to object to and/or to participate in this Settlement Agreement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that upon the Effective Date, Plaintiffs intend to and expressly shall have, and each of the other Settlement Class Members intend to and shall be

deemed to have, and by operation of the Judgment shall have, waived the provisions, rights, and benefits conferred by California Civil Code § 1542, and also any and all provisions, rights, and benefits conferred by any law of any state, province, or territory of the United States (including, without limitation, California Civil Code §§ 1798.80 *et seq*., Montana Code Ann. § 28-1-1602; North Dakota Cent. Code § 9-13-02; and South Dakota Codified Laws § 20-7-11), which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Settlement Class Members, including Plaintiffs, may hereafter discover facts in addition to, or different from, those that they, and any of them, now know or believe to be true with respect to the subject matter of the Released Claims, but Plaintiffs, expressly shall have, and each other Settlement Class Member shall be deemed to have, and by operation of the Judgment shall have, upon the Effective Date, fully, finally and forever settled and released any and all Released Claims, including but not limited to any Unknown Claims they may have. The Settling Parties acknowledge, and Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver is a material element of the Settlement Agreement of which this release is a part.

50. “Valid Claim” means any Claim Form that has been approved by the Claims Administrator or found to be valid through the claims processing and/or dispute resolution process, or through the process for review and challenge set forth in the section entitled, “Claims Administration,” in Section V.

## III. SETTLEMENT BENEFITS

51. Settlement Fund. Defendant shall pay $1,995,000.00 to establish the Settlement Fund, which shall constitute the extent of Defendant's monetary obligations under this Settlement Agreement. Defendant shall not be required to pay any additional amounts in connection with this Settlement.

52. Defendant shall fund, or cause to be funded, $210,000.00, the initial Costs of Claims Administration, within 30 days after the later of: (i) entry of the Preliminary Approval Order; or (ii) Defendant's receipt of payment instructions, a Form W-9, an invoice for the initial Costs of Claims Administration, and contact information sufficient to verify the payment instructions.

53. Defendant shall fund, or cause to be funded, the remainder of the Settlement Fund within 30 days after the later of: (i) the Effective Date; or (ii) Defendant's receipt of payment instructions, a Form W-9, an invoice, and contact information sufficient to verify the payment instructions.

54. The Settlement Fund shall be used to pay, in the following order: (1) all Costs of Claims Administration; (2) Taxes incurred; (3) any service awards awarded to the Settlement Class Representatives; (4) any Award of Fees, Costs, and Expenses awarded to Settlement Class Counsel; and (5) from the remaining Net Settlement Fund, Settlement Class Member benefits to those Settlement Class Members who submit a Valid Claim.

55. The Settlement Fund shall be deposited in an appropriate qualified settlement fund (within the meaning of Treasury Regulation § 1.468 B-1) established by the Claims Administrator but shall remain subject to the jurisdiction of the Court until such time as the entirety of the Settlement Fund is distributed pursuant to this Settlement Agreement and any Court orders or

returned to those who paid the Settlement Fund in the event this Settlement Agreement is voided, terminated, or cancelled.

56. Settlement Class Member Benefits. When submitting a Claim Form, Settlement Class Members may elect to receive any or all of the following: (i) reimbursement for documented losses, (ii) Credit Monitoring, and (iii) a Pro Rata Cash Payment. If a Settlement Class Member does not submit a Valid Claim, the Settlement Class Member will release any claims against Defendant without receiving a Settlement Class Member benefit.

57. Documented Losses. Settlement Class Members may submit a Claim Form for reimbursement for documented losses related to the Data Incident up to $3,000.00 per Settlement Class Member. To receive a payment for documented losses, a Settlement Class Member must attest that the losses or expenses were incurred as a result of the Data Incident. Settlement Class Members must submit reasonable third-party documentation supporting such losses. Documented losses may also include: (i) unreimbursed out-of-pocket costs incurred for credit monitoring services purchased on or after the Data Incident through the Claims Deadline; (ii) unreimbursed losses associated with actual fraud or identity theft; and (iii) unreimbursed bank fees, long-distance phone charges, postage, or local travel expenses reasonably incurred as a result of the Data Incident. This list of reimbursable documented losses is not meant to be exhaustive, rather it is exemplary. Settlement Class Members may make claims for any documented unreimbursed out-of-pocket losses reasonably related to the Data Incident or to mitigating the effects of the Data Incident. Settlement Class Members shall not be reimbursed for expenses if they have been reimbursed for the same expenses by another source, including compensation provided in connection with the credit monitoring and identity theft protection product offered as part of the notification letter provided by Defendant or otherwise. If a Settlement Class Member does not

submit reasonable documentation supporting a loss, or if the Claim Form is rejected by the Claims Administrator for any reason, and the Settlement Class Member fails to cure the Claim, the Claim will be rejected and the Settlement Class Member's Claim will be treated as a Pro Rata Cash Payment election only.

58. Credit Monitoring. Settlement Class Members may claim 3 years of credit monitoring services, which will provide the following benefits: single-bureau credit monitoring, dark web monitoring, identity theft insurance with coverage of up to $1,000,000.00, and fully managed identity recovery services.

59. Pro Rata Cash Payment. A Settlement Class Member may claim a Pro Rata Cash Payment pursuant to Section IV below. Settlement Class Members who are residents of California during the Claims Period may claim a one-time cash payment that is double that of the Pro Rata Cash Payment. To receive the enhanced California Pro Rata Cash Payment, a Settlement Class Member must provide proof of California residency during the Claims Period. A sworn attestation shall satisfy this requirement.

60. Business Practice Changes. The Settling Parties agree that as part of the Settlement consideration, Defendant represents that it has adopted and implemented certain enhancements to its information security practices and has incurred costs associated with those efforts. Upon request, Defendant will provide Settlement Class Counsel with a confidential declaration describing those enhancements.

**IV. DISTRIBUTION OF SETTLEMENT PAYMENTS**

61. Distribution Priority. The Claims Administrator will first apply the Net Settlement Fund to pay Valid Claims for credit monitoring. If Net Settlement Funds remain after paying the costs for credit monitoring services, the Claims Administrator will next use it to pay all Valid

Claims for documented losses. Finally, the amount of the Net Settlement Fund remaining after Credit Monitoring and Documented Losses are applied shall be referred to as the "Post DL Net Settlement Fund." The Claims Administrator shall then utilize the Post DL Net Settlement Fund to make all Pro Rata Cash Payments. The amount of each Pro Rata Cash Payment shall be calculated by dividing the Post DL Net Settlement Fund by double the number of Valid Claims submitted by California residents added to the number of Valid Claims submitted by non-California residents to determine an "Initial Cash Amount" (i.e., Initial Cash Amount = Post DL Net Settlement Fund / ((2 * the total number of Valid Claims submitted by California residents) + (the total number of Valid Claims submitted by non-California residents))). The Pro Rata Cash Payment amount to non-California residents with Valid Claims will be equal to the Initial Cash Amount, and the Pro Rata Cash Payment amount to California residents with Valid Claims will equal twice the amount of the Initial Cash Amount.

62. Reduction of Documented Loss Payments. In the unlikely event the aggregate amount of costs for valid documented losses exceeds the amount remaining in the Net Settlement Fund after payment of all Valid Claims for credit monitoring, payments for Valid Claims for documented losses shall be reduced on a pro rata basis so that the total amount paid for documented losses does not exceed the remaining balance in the Net Settlement Fund. In such an event, no funds will be distributed to Settlement Class Members with Valid Claims for Pro Rata Cash Payments. The Claims Administrator shall make all calculations and determinations necessary to implement this Section.

63. Uncashed Checks and Residual Funds. All settlement checks shall be void 90 days after issuance and shall bear the language: "This check must be cashed within 90 days, after which time it is void." Settlement checks shall bear in the legend that they expire if not negotiated within

90 days of their date of issue. Settlement checks that are not negotiated within 90 days of their date of issue shall not be reissued, unless a settlement check is returned as undeliverable. If a Settlement Class Member fails to cash a settlement check issued under this Settlement Agreement before it becomes void, the Settlement Class Member will have failed to meet a condition precedent to recovery of Settlement Benefits, the Settlement Class Member's right to receive monetary relief under the Settlement shall be extinguished, and Defendant shall have no obligation to make payments to the Settlement Class Member for compensation. Such Settlement Class Members remain bound by all terms of the Settlement Agreement. Money from voided and uncashed checks become Residual Settlement Funds.

64. Returned Checks. For any Settlement Payment returned to the Claims Administrator as undeliverable (including, but not limited to, when the intended recipient is no longer located at the address), the Claims Administrator shall make reasonable efforts to find a valid address and resend the Settlement Payment within 30 days after the payment is returned to the Claims Administrator as undeliverable. The Claims Administrator shall only make one attempt to resend a Settlement Payment. Money from returned checks after one attempt to resend become Residual Settlement Funds.

65. Residual Settlement Funds. To the extent any monies remain in the Net Settlement Fund more than 150 days after the issuance of Settlement Payments to Settlement Class Members, a subsequent Settlement Payment will be evenly made to all Settlement Class Members with Valid Claims for Pro Rata Cash Payments who cashed or deposited the initial payment they received, provided that the average check amount is equal to or greater than Three Dollars and No Cents ($3.00). The distribution of this remaining Net Settlement Fund shall continue until the average check amount in a distribution is less than Three Dollars and No Cents ($3.00). If the average

check amount in a distribution would be less than Three Dollars and No Cents ($3.00), any amount remaining in the Net Settlement Fund shall be distributed to the Non-Profit Residual Recipient.

66. Residue of Settlement Fund. No portion of the Settlement Fund shall revert or be repaid to Defendant after the Effective Date. Any residual funds remaining in the Net Settlement Fund, after all payments and distributions are made pursuant to the terms and conditions of this Agreement, shall be distributed to Non-Profit Residual Recipient, as approved by the Court.

## V. CLAIMS ADMINISTRATION

67. Duties of Claims Administrator. The Claims Administrator shall perform the functions and duties necessary to effectuate the Settlement and as specified in this Agreement, including, but not limited to, the following:

a) Providing CAFA Notice at the direction of Defendant;

b) Administering and overseeing the Settlement funds provided by Defendant;

c) Obtaining the Settlement Class List for the purpose of disseminating Notice to Settlement Class Members;

d) Performing National Change of Address searches or skip tracing with respect to the Settlement Class List;

e) Providing Notice to Settlement Class Members via U.S. Mail;

f) Establishing and maintaining the Settlement Website;

g) Establishing and maintaining a toll-free telephone line to address Settlement-related inquiries, and responding to such inquiries from Settlement Class Members within 1 business day;

h) Responding to any mailed or emailed inquiries from Settlement Class Members within 1 business day;

i) Reviewing, processing, and determining the validity of all Claims submitted by Settlement Class Members and providing Settlement Class Counsel and Defendant's Counsel with weekly updates regarding the number of Valid Claims received through Final Approval;

j) Receiving Requests for Exclusion and Objections and promptly providing copies thereof to Settlement Class Counsel and Defendant's Counsel upon receipt. If the Claims Administrator receives any Requests for Exclusion, objections, or other requests from Settlement Class Members after the Opt-Out and Objection Deadlines, the Claims Administrator shall promptly provide copies to Settlement Class Counsel and to Defendant's Counsel;

k) Working with the provider(s) of Credit Monitoring Services to receive and send activation codes within 45 days of the Effective Date or 21 days after a Claim is approved, whichever is later;

l) After the Effective Date, processing and transmitting Settlement Payments to Settlement Class Members;

m) Providing weekly or other periodic reports to Settlement Class Counsel and the Defendant's Counsel that include information regarding the number of Settlement Checks mailed and delivered or checks sent via electronic means, Settlement Checks cashed, undeliverable information, and any other requested information relating to Settlement Payments;

n) In advance of the Final Fairness Hearing, preparing an affidavit to submit to the Court that: (i) attests to implementation of Notice in accordance with the Preliminary Approval Order; and (ii) identifies each Settlement Class Member who

timely and properly submitted a Request for Exclusion; and

o) Performing any function reasonably related to Settlement Administration at the agreed-upon instruction of Settlement Class Counsel and Defendant's Counsel, including, but not limited to, verifying that Settlement Payments have been distributed.

68. Limitation of Liability. Neither the Parties, Settlement Class Counsel, Defendant's Counsel, nor their respective agents, representatives, or designees shall have any liability whatsoever arising from or relating to (i) any act, omission, determination, or calculation made by the Claims Administrator, or any of its respective designees or agents, in connection with the administration of the Settlement; (ii) the formulation, design, or terms of the disbursement of the Settlement Fund; (iii) the determination, administration, calculation or payment of any Claims asserted against the Settlement Fund; or (iv) the payment, reporting, withholding, or remittance of any taxes and tax-related expenses associated with the Settlement.

69. Dispute Resolution for Claims. The Claims Administrator shall, in its reasonably exercised discretion, determine whether: (i) the claimant is a Settlement Class Member; (ii) the claimant has provided all information needed to complete the Claim Form, including any documentation that may be necessary to reasonably support the expenses described in Paragraph 57 above; and (iii) the information submitted could lead a reasonable person to conclude that more likely than not the claimant has suffered the claimed losses as a direct result of the Data Incident. In assessing what losses qualify as more likely than not directly caused by the Data Incident, the Claims Administrator will consider (i) whether the timing of the loss occurred on or after March 21, 2023, and (ii) whether the Personal Information allegedly used to commit identity theft or fraud is the type involved in the Data Incident. The Claims Administrator may, at any time,

request from the claimant, in writing, additional information as the Claims Administrator may reasonably require to evaluate the claim, e.g., documentation requested on the Claim Form, and any required documentation regarding the claimed losses. The Claims Administrator's initial review will be limited to a determination of whether the claim is complete and plausible. For any claims that the Claims Administrator determines to be implausible, the Claims Administrator will submit those Claims to counsel for the Settling Parties. If the Settling Parties do not agree with the Claims Administrator's determination, after meeting and conferring, then the claim shall be referred to a claims referee for resolution. The Settling Parties will mutually agree on the claims referee should one be required.

70. Upon receipt of a Claim Form that is incomplete, unsigned, or lacks sufficient information or supporting documentation to determine whether the Claim is facially valid, the Claims Administrator shall notify the claimant of the deficiency and request additional information ("Claim Supplementation"). The Claims Administrator shall issue any requests for Claim Supplementation within 30 days of receiving the Claim Form or within 30 days after the Claims Deadline, whichever is later. Claimants shall have 21 days from the date of the request for Claim Supplementation to cure the deficiency. If unusual circumstances interfere with compliance during the 21-day period, the claimant may request and, for good cause shown (illness, military service, out of the country, mail failures, lack of cooperation of third parties in possession of required information, etc.), shall be given a reasonable extension of the 21-day deadline in which to comply. Under no circumstances, however, shall the deadline to cure a deficiency extend beyond 90 days after the Effective Date. If the defect is not timely cured, then the claim shall be deemed invalid and there shall be no obligation to pay the claim.

71. Following receipt of additional information requested by the Claims Administrator,

the Claims Administrator shall have 10 days to accept, in whole or lesser amount, or reject each claim. If, after review of the claim and all documentation submitted by the claimant, the Claims Administrator determines that such a claim is facially valid, then the claim shall be paid. If the Claims Administrator determines that such a claim is not facially valid because the claimant has not provided all information needed to complete the Claim Form and enable the Claims Administrator to evaluate the claim, then the Claims Administrator may reject the claim without any further action.

72. Claims Referee. If any dispute is submitted to the claims referee, the claims referee may approve the Claims Administrator's determination by making a ruling within 15 days of the claims referee's receipt of the submitted dispute. The claims referee may make any other final determination of the dispute or request further supplementation of a claim within 30 days of the claims referee's receipt of the submitted dispute. The claims referee's determination shall be based on whether the claims referee is persuaded that the claimed amounts are reasonably supported in fact and were more likely than not caused by the Data Incident. The claims referee shall have the power to approve a claim in full or in part. The claims referee's decision will be final and non-appealable. Any claimant referred to the claims referee shall reasonably cooperate with the claims referee, including by either providing supplemental information as requested or, alternatively, signing an authorization allowing the claims referee to verify the claim through third-party sources. Failure to cooperate shall be grounds for denial of the claim in full. The claims referee shall make a final decision within 30 days of the latter of the following events: its receipt of the submitted dispute and receipt of all supplemental information requested.

73. Claims Review Records and Challenge Rights. The Claims Administrator shall maintain all information gathered in investigating Claims. Upon reasonable request, the Claims

Administrator shall provide Claims Class Counsel or Defendant's Counsel with information reasonably necessary to evaluate such determinations, including copies of all correspondence, supporting documentation, notes of the Claims Administrator, the decisions reached, and all reasons supporting the decision. Additionally, Settlement Class Counsel and Defendant's Counsel shall have the right to inspect the Claim Forms and supporting documentation received by the Claims Administrator at any time upon reasonable notice. Further, Settlement Class Counsel and Defendant's Counsel shall have the right to challenge, seek additional information, or otherwise confer with the Claims Administrator regarding any of the Claims Administrator's determinations. The Claims Administrator shall reasonably cooperate with such requests and may modify its determination as appropriate based on any additional information received.

## VI. SETTLEMENT CLASS CERTIFICATION

74. The Settling Parties agree, solely for purposes of this Settlement, to the certification of the Settlement Class. If the Court does not enter the Final Approval Order or Judgment, if the Effective Date does not occur, or if the Settlement Agreement is otherwise terminated or cancelled pursuant to its terms, then this Settlement Agreement and the certification of the Settlement Class shall be vacated, and the Litigation shall proceed as though the Settlement Class had never been certified, without prejudice to any Person's or Settling Party's position on the issue of class certification or any other issue. The Settling Parties' agreement to certification of the Settlement Class for settlement purposes only shall not be deemed an admission or concession with respect to certification, liability, or any other issue in this or any other proceeding, case, or action.

## VII. PRELIMINARY APPROVAL AND NOTICE OF FAIRNESS HEARING

75. Preliminary Approval. As soon as practicable after the execution of the Settlement

Agreement, Settlement Class Counsel and Defendant's Counsel shall jointly submit this Settlement Agreement to the Court, and Settlement Class Counsel will file a motion for preliminary approval of the Settlement with the Court requesting entry of a Preliminary Approval Order in the form attached hereto as **Exhibit B**, ordering, *inter alia:*

a) certification of the Settlement Class for settlement purposes only;

b) preliminary approval of the Settlement Agreement as set forth herein;

c) appointment of Brittany Resch of Strauss Borrelli PLLC, Anthony L. Parkhill of Barnow and Associates, P.C., and Andrew W. Ferich of Ahdoot & Wolfson, PC as Settlement Class Counsel;

d) appointment of Plaintiffs Lazaro Stern, Celeste Allen, Lisa Kucherry, Peter Smith, Sharon Thompson, and Charly Bates as Settlement Class Representatives;

e) approval of the Short Notice to be mailed by U.S. Mail to Settlement Class Members in a form substantially similar to **Exhibit D**, attached hereto.

f) approval of the Long Notice to be posted on the Settlement Website in a form substantially similar to **Exhibit C**, attached hereto, which, together with the Short Notice, shall include a fair summary of the Settling Parties' respective litigation positions, the general terms of the settlement set forth in the Settlement Agreement, instructions for how to object to or opt out of the Settlement, the process and instructions for making claims to the extent contemplated herein, the requested attorneys' fees, and the date, time and place of the Final Fairness Hearing;

g) approval of the Claim Form to be available on the Settlement Website for submitting claims and available, upon request, in a form substantially similar to **Exhibit A**, attached hereto; and

h) appointment of Kroll Settlement Administration as the Claims Administrator.

The motion for preliminary approval shall also request that the Court approve the procedures for objections and Requests for Exclusions, stay the Litigation pending final approval, and schedule a Final Fairness Hearing. The Short Notice, Long Notice, and Claim Form approved by the Court shall be finalized by the Claims Administrator and may be revised, without further Court approval, by agreement of the Settling Parties and the Claims Administrator, provided that any such modifications are not material or substantive in nature. No additional notice to the Settlement Class is required if the date or time for the Final Fairness Hearing changes.

## VIII. NOTICE

76. Notice shall be provided to Settlement Class Members by the Claims Administrator in a manner that satisfies Rule 23 of the Federal Rules of Civil Procedure, constitutional due process, and any requirements set forth in the Preliminary Approval Order. Subject to Court approval, the Notice Program shall include the following:

a) Within 14 days after the Preliminary Approval Order is entered, Defendant shall provide the Settlement Class List to the Claims Administrator.

b) The Claims Administrator shall provide direct and individual Notice to Settlement Class Members via U.S. Mail, to the extent mailing addresses are available, beginning no later than the Notice Deadline by mailing the Short Notice to the last known mailing addresses for each Settlement Class Member. Prior to mailing, the Claims Administrator shall update all addresses through the National Change of Address ("NCOA") Database. If a postcard is returned with a forwarding address before the Claims Deadline, the Claims Administrator shall re-mail the postcard to the forwarding address. If a postcard is returned without a forwarding address

before the Claims Deadline, the Claims Administrator shall use reasonable means to identify a valid address and re-mail the postcard if one is located.

c) The Claims Administrator shall establish, maintain, and update a dedicated Settlement Website through 90 days after the Effective Date. The Settlement Website shall include the Court-approved Long Notice, Claim Form, and this Settlement Agreement, as well as other relevant filings, including but not limited to, the operative complaint; the preliminary approval motion and related order; the motion for attorneys' fees, costs, and service awards; and motion for final approval, together with any orders issued by the Court concerning the Settlement.

d) A toll-free help line staffed with a reasonable number of live operators shall be made available to address Settlement Class Members' inquiries.

e) Upon request, the Claims Administrator will also provide copies of the Court-approved Short Notice, Long Notice, and Claim Form, as well as this Settlement Agreement.

f) At the discretion of Settlement Class Counsel, the Claims Administrator shall send a reminder notice to Settlement Class Members who have not submitted a Claim Form if the claims rate is less than 3.0% 45 days prior to the Claims Deadline.

g) At least 7 days before the Final Fairness Hearing, Settlement Class Counsel shall file with the Court an appropriate affidavit or declaration attesting to compliance with the Notice Program.

The costs of providing notice to the Settlement Class, together with the Costs of Claims Administration, shall be paid from the Settlement Fund in accordance with this Agreement and the Preliminary Approval Order.

77. Settlement Class Counsel shall move the Court for entry of the Final Approval Order and Judgment, to be issued (i) following the Final Fairness Hearing, and (ii) 14 days after the Objection and Opt-Out Date. In connection with the motion for preliminary approval, counsel for the Settling Parties shall request that the Court set a date for the Final Fairness Hearing that is no earlier than 120 days after entry of the Preliminary Approval Order.

## IX. OPT-OUT PROCEDURES

78. Each Person wishing to opt out of the Settlement Class shall individually sign and timely submit written Request for Exclusion to the designated P.O. Box established by the Claims Administrator. The request must include the Person's contact information (telephone number, mailing address, and email address) and clearly state a Person's intent to be excluded from the Settlement Class. To be effective, this Request for Exclusion must be postmarked on or before the Opt-Out Date.

79. Any Person who submits a valid and timely Request for Exclusion, referred to herein as "Opt-Outs," shall not receive any benefits of or be bound by the terms of this Settlement Agreement. All Persons falling within the definition of the Settlement Class who do not submit a valid and timely Request for Exclusion shall be bound by the Settlement Agreement and any Judgment entered thereon.

80. No person may exercise exclusion rights on behalf of any other person, or purport (i) to opt out Settlement Class Members as a group, in the aggregate, or as a class involving more than one Settlement Class Member; or (ii) to opt out more than one Settlement Class Member on a single paper, or as an agent or representative. Any such purported requests to opt out as a group or in the aggregate shall be void, and the Settlement Class Member(s) who is or are the subject of such purported Requests for Exclusion shall be treated as a Settlement Class Member and be bound

by this Settlement Agreement, including the Release contained herein, and judgment entered thereon, unless he or she submits a valid and timely Request for Exclusion.

## X. OBJECTION PROCEDURES

81. Any Settlement Class Member desiring to object to the Settlement Agreement shall submit a timely written objection no later than the Objection Date. The written objection shall state: (i) the objector's full name, address, telephone number, and e-mail address (if any); (ii) information sufficient to establish that the objector is a Settlement Class Member, including proof of class membership (e.g., copy of notice, copy of original notice of the Data Incident); (iii) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable; (iv) a statement as to whether the objection applies only to the objector, to a specific subset of the class, or to the entire class; (v) the identity of any and all counsel representing the objector in connection with the objection; (vi) a statement as to whether the objector and/or his or her counsel will appear at the Final Fairness Hearing; (vii) a list of all settlements to which the objector or their counsel have objected in the preceding 3 years; (viii) a statement disclosing whether any artificial intelligence tool was used to prepare or assist in preparing any portion of the written objection; and (ix) the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation). To be timely, written objection must be mailed to the designated P.O. Box established by the Claims Administrator and postmarked no later than the Objection Date. The written objection must also be filed with the Court by the Objection Date.

82. Any Settlement Class Member who fails to comply with the requirements for objecting in Paragraph 81 shall waive and forfeit any and all rights to appear separately or to object to the Settlement Agreement, and the Settlement Class Member shall be bound by all the terms of

the Settlement Agreement and by all proceedings, orders, and judgments in the Litigation. The exclusive means to challenge the Settlement Agreement shall be through the provisions of Paragraph 81.

## XI. RELEASES

83. Upon the Effective Date, and in consideration of the Settlement benefits described herein, each Settlement Class Member, including Plaintiffs, and each of their respective heirs, executors, administrators, representatives, agents, predecessors, successors, and assigns, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims including Unknown Claims, against each of the Released Parties. Further, upon the Effective Date, and to the fullest extent permitted by law, each Settlement Class Member, including Plaintiffs, and each of their respective heirs, executors, administrators, representatives, agents, predecessors, successors, and assigns, shall, either directly, indirectly, representatively, as a member of or on behalf of the general public or in any capacity, be permanently barred and enjoined from commencing, prosecuting, or participating in any recovery in any action in this or any other forum (other than participation in the settlement as provided herein) in which any of the Released Claims is asserted.

84. Upon the Effective Date, Defendant shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged, Plaintiffs, each and all of the Settlement Class Members and Plaintiffs' Counsel of all claims, including Unknown Claims, based upon or arising out of the institution, prosecution, assertion, settlement, or resolution of the Litigation or the Released Claims, except for enforcement of the Settlement Agreement. Any other claims or defenses Defendant may have against such Persons including, without limitation, any claims based upon or arising out of any debtor-creditor,

contractual, or other business relationship with such Persons that are not based upon or do not arise out of the institution, prosecution, assertion, settlement, or resolution of the Litigation or the Released Claims are specifically preserved and shall not be affected by the preceding sentence.

85. Notwithstanding any term herein, neither Defendant nor the Released Parties shall have or shall be deemed to have released, relinquished, or discharged any claim or defense against any Person other than Plaintiffs, each and all of the Settlement Class Members, and Plaintiffs' Counsel.

**XII. ATTORNEYS' FEES, COSTS, EXPENSES, AND SERVICE AWARDS**

86. The Settling Parties did not discuss the payment of the Award of Fees, Costs, and Expenses and service awards to Plaintiffs until after the substantive terms of the Settlement had been agreed upon, other than that Defendant would not object to a request for reasonable attorneys' fees, costs, expenses, and a service award to each Plaintiff as may be ordered by the Court.

87. Settlement Class Counsel may petition the court for attorneys' fees not to exceed one-third of the Settlement Fund ($665,000.00), plus reimbursement of reasonable out-of-pocket litigation expenses not to exceed $50,000.00. The motion for attorneys' fees, costs, expenses, and service awards shall be filed no later than 14 days prior to the Objection and Opt-Out Date.

88. Subject to Court approval, Defendant has agreed not to object to a request for a service award in the amount of $2,500.00 to each of the six Plaintiffs.

89. If awarded by the Court, the Claims Administrator shall pay the Award of Fees, Costs, and Expenses, as well as any service awards, within 45 days after the Effective Date in accordance with a joint counsel payment instruction to be provided by Settlement Class Counsel. The Claims Administrator shall pay any service awards to each of the Settlement Class Representatives.

90. Any Award of Fees, Costs, and Expenses, and the service award to the Settlement Class Representatives, are intended to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement. These payments will not in any way reduce the consideration being made available to the Settlement Class as described herein. No order of the Court, or modification or reversal or appeal of any order of the Court, concerning the amount(s) of any Award of Fees, Costs, and Expenses and service awards ordered by the Court to Settlement Class Counsel or Plaintiffs shall affect whether the Judgment is Final or constitute grounds for cancellation or termination of this Settlement Agreement. For the avoidance of doubt, no ruling by a Court modifying the Fee Award or service awards can increase the total amount to be paid by Defendant for a full release of all claims.

## XIII. ADMINISTRATION OF CLAIMS

91. The Claims Administrator shall receive, review, and calculate the Claims submitted by Settlement Class Members in accordance with this Agreement. The determination of the Claims Administrator and claims referee, as applicable, as to whether a Claim is a Valid Claim shall be binding, subject to the dispute-resolution process set forth in this Agreement.

92. Payment for Valid Claims shall be issued, via check or electronically, within 30 days of the Effective Date, or within 21 days of the date that the Claim is approved, whichever is later.

93. All Settlement Class Members who fail to timely submit a Claim for any benefits within the time frames set forth herein, or by such other deadline as may be ordered by the Court, or otherwise expressly allowed by law or the Settling Parties' written agreement, shall be forever barred from receiving any Settlement Payment or other benefits pursuant to the Settlement Agreement, but will in all other respects be subject to, and bound by, the provisions of the

Settlement Agreement, the releases contained herein and the Judgment.

94. No Person shall have any claim against Defendant, Released Parties, Settlement Class Counsel, Plaintiffs, Plaintiffs' Counsel, and/or Defendant's Counsel based on distributions of benefits to Settlement Class Members.

95. Information submitted by Settlement Class Members in connection with Claims made under this Settlement Agreement shall be treated as confidential and used solely for purposes of administering the Settlement. The Claims Administrator, claims referee, Settlement Class Counsel, and Defendant's Counsel, and any persons assisting in the administration of the Settlement shall maintain the confidentiality of such information and shall not disclose it except as necessary to administer the Settlement, comply with a court order, or as otherwise required by law.

## XIV. CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION, OR TERMINATION

96. The Effective Date of the Settlement shall be 10 days after the date when each and all of the following conditions have occurred:

a) This Settlement Agreement has been fully executed by all Settling Parties and their counsel;

b) the Court has entered the Preliminary Approval Order without material change;

c) The Court-approved Short Notice has been sent and the Settlement Website has been duly created and maintained as ordered by the Court;

d) Defendant has not exercised its option to terminate the Settlement Agreement;

e) the Court has entered the Final Approval Order as set forth herein;

f) Judgment has been entered and become Final.

97. If all conditions specified in Paragraph 96(a)–(f) are not satisfied, the Settlement Agreement shall be canceled and terminated unless Settlement Class Counsel and Defendant's

Counsel mutually agree in writing to proceed with the Settlement Agreement.

98. Within 7 days after the Opt-Out Date, the Claims Administrator shall furnish to Settlement Class Counsel and to Defendant's Counsel a complete list of all timely and valid Requests for Exclusion ("Opt-Out List"). If more than 1,000 Settlement Class Members submit timely and valid Requests for Exclusion, Defendant shall have the right to terminate this Agreement by providing written notice to Settlement Class Counsel within 14 days after receipt of the Opt-Out List. Upon such termination, this Agreement shall be null and void and the Settling Parties shall return to their respective positions as though this Agreement had never been executed.

99. In the event that the Settlement Agreement or the releases are not approved by the Court or the settlement set forth in the Settlement Agreement is terminated in accordance with its terms: (i) the Settling Parties shall be restored to their respective positions in the Litigation and shall jointly request that all scheduled Litigation deadlines be reasonably extended by the Court to avoid prejudice to any Settling Party or Settling Party's counsel; and (ii) the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Settling Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc.* Notwithstanding any statement in this Settlement Agreement to the contrary, no order of the Court or modification or reversal on appeal of any order reducing the amount of attorneys' fees, costs, expenses, and/or service awards shall constitute grounds for cancellation or termination of the Settlement Agreement. Further, notwithstanding any statement in this Settlement Agreement to the contrary, Defendant shall be obligated to pay reasonable amounts already billed or incurred for costs of notice to the Settlement Class and Claims Administration, and shall not, at any time, seek recovery of same from any other party to the

Litigation or from counsel to any other party to the Litigation.

## XV. MISCELLANEOUS

100. The Settling Parties (i) acknowledge that it is their intent to consummate this Settlement Agreement; and (ii) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Settlement Agreement, and to exercise their best efforts to accomplish the terms and conditions of this Settlement Agreement.

101. The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Litigation. The Settlement compromises claims that are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense. The Settling Parties each agree that the Settlement was negotiated in good faith by the Settling Parties and reflects a settlement that was reached voluntarily after consultation with competent legal counsel. The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum that the Litigation was brought or defended in bad faith or without a reasonable basis. It is agreed that no Party shall have any liability to any other Party as it relates to the Litigation, except as set forth in the Settlement Agreement.

102. Neither the Settlement Agreement, nor the settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the settlement (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of any of the Released Parties; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Any of the Released Parties may

file the Settlement Agreement and/or the Judgment in any action that may be brought against them or any of them in order to support a defense or counterclaim based on principles of *res judicata,* collateral estoppel, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

103. The Settlement Agreement may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

104. This Agreement contains the entire understanding between Defendant and Plaintiffs regarding the payment of the Litigation settlement and supersedes all previous negotiations, agreements, commitments, understandings, and writings between Defendant and Plaintiffs provided herein. This Agreement supersedes all previous agreements made between Defendant and Plaintiffs. Any agreements reached between Defendant, Plaintiffs, and any third party, are expressly excluded from this provision.

105. The exhibits to this Agreement and any exhibits thereto are a material part of the Settlement and are incorporated and made a part of the Agreement.

106. Settlement Class Counsel, on behalf of the Settlement Class, are expressly authorized by Plaintiffs to take all appropriate actions required or permitted to be taken by the Settlement Class pursuant to the Settlement Agreement to effectuate its terms, and also are expressly authorized to enter into any modifications or amendments to the Settlement Agreement on behalf of the Settlement Class which they deem appropriate in order to carry out the spirit of this Settlement Agreement and to ensure fairness to the Settlement Class.

107. Each counsel or other Person executing the Settlement Agreement on behalf of any party hereto warrants that such Person has the full authority to do so.

108. The Settlement Agreement may be executed in one or more counterparts. All

executed counterparts shall be deemed to be the same instrument. A complete set of original executed counterparts shall be filed with the Court.

109. The Settlement Agreement shall bind and inure to the benefit of the successors and assigns of the Settling Parties hereto. No assignment of this Settlement Agreement will be valid without the other party's prior, written permission.

110. The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Settlement Agreement, and all Settling Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Settlement Agreement.

111. If any of the dates or deadlines specified herein falls on a weekend or legal holiday, the applicable date or deadline shall fall on the next business day. All reference to "days" in this Agreement shall refer to calendar days, unless otherwise specified. The Parties reserve the right, subject to the Court's approval, to agree to any reasonable extensions of time that might be necessary to carry out any of the provisions of this Agreement.

112. All dollar amounts are in United States dollars (USD).

113. All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Settlement Agreement.

114. This Agreement shall be deemed to have been drafted by the Settling Parties, and any rule that a document shall be interpreted against the drafter shall not apply to this Agreement. Plaintiffs and Defendant each acknowledge that each have been advised and are represented by legal counsel of their own choosing throughout the negotiations preceding execution of this Agreement and have executed the Agreement after having been so advised.

115. Should any part, term, or provision of this Agreement be declared or determined by

any court or tribunal to be illegal or invalid, the Settling Parties agree that the Court may modify such provision to the extent necessary to make it valid, legal, and enforceable. In any event, such provision shall be separable and shall not limit or affect the validity, legality or enforceability of any other provision hereunder.

IN WITNESS WHEREOF, the Settling Parties hereto have caused the Settlement Agreement to be executed.

**PLAINTIFFS:**

DocuSigned by:
6E3C10F9D6A546B...

__________________________________
Lazaro Stern, Plaintiff

Date: 8/20/2026

__________________________________
Celeste Allen, Plaintiff

Date:________________________________

__________________________________
Lisa Kucherry, Plaintiff

Date:________________________________

__________________________________
Peter Smith, Plaintiff

Date:________________________________

__________________________________
Sharon Thompson, Plaintiff

any court or tribunal to be illegal or invalid, the Settling Parties agree that the Court may modify such provision to the extent necessary to make it valid, legal, and enforceable. In any event, such provision shall be separable and shall not limit or affect the validity, legality or enforceability of any other provision hereunder.

IN WITNESS WHEREOF, the Settling Parties hereto have caused the Settlement Agreement to be executed.

**PLAINTIFFS:**

________________________________
Lazaro Stern, Plaintiff

Date:______________________________

Celeste Jo Allen
Celeste Jo Allen (Aug 20, 2026 12:07:19 PDT)
Celeste Allen, Plaintiff

Date: 08/20/2026

________________________________
Lisa Kucherry, Plaintiff

Date:______________________________

________________________________
Peter Smith, Plaintiff

Date:______________________________

________________________________
Sharon Thompson, Plaintiff

any court or tribunal to be illegal or invalid, the Settling Parties agree that the Court may modify such provision to the extent necessary to make it valid, legal, and enforceable. In any event, such provision shall be separable and shall not limit or affect the validity, legality or enforceability of any other provision hereunder.

IN WITNESS WHEREOF, the Settling Parties hereto have caused the Settlement Agreement to be executed.

**PLAINTIFFS:**

________________________________
Lazaro Stern, Plaintiff

Date:____________________________

________________________________
Celeste Allen, Plaintiff

Date:____________________________

Lisa Kucherry
Lisa Kucherry (Aug 20, 2026 14:15:27 PDT)
Lisa Kucherry, Plaintiff

Date: 08/20/2026

________________________________
Peter Smith, Plaintiff

Date:____________________________

________________________________
Sharon Thompson, Plaintiff

any court or tribunal to be illegal or invalid, the Settling Parties agree that the Court may modify such provision to the extent necessary to make it valid, legal, and enforceable. In any event, such provision shall be separable and shall not limit or affect the validity, legality or enforceability of any other provision hereunder.

IN WITNESS WHEREOF, the Settling Parties hereto have caused the Settlement Agreement to be executed.

**PLAINTIFFS:**

________________________________
Lazaro Stern, Plaintiff

Date:____________________________

________________________________
Celeste Allen, Plaintiff

Date:____________________________

________________________________
Lisa Kucherry, Plaintiff

Date:____________________________

Signed by:
Peter Smith
C9000A02C9BD411...
Peter Smith, Plaintiff

Date: 8/20/2026

________________________________
Sharon Thompson, Plaintiff



Doc ID: 303de775aef844c63f26692da82222766558e0c4

Sharon Thompson

______________________________
Sharon Thompson, Plaintiff

Date: 08/24/2026

______________________________
Charly Bates, Plaintiff

Date:______________________________

**COUNSEL FOR PLAINTIFFS AND THE PROPOSED SETTLEMENT CLASS:**

______________________________
Andrew W. Ferich
**AHDOOT & WOLFSON, PC**
Date: ______________________________

______________________________
Anthony L. Parkhill
**BARNOW AND ASSOCIATES, P.C.**
Date: ______________________________

______________________________
Brittany Resch
**STRAUSS BORRELLI PLLC**
Date: ______________________________

**DEFENDANT:**

Date: ______________________________

______________________________
Name
Title: ______________________________

______________________________
Sharon Thompson, Plaintiff

Date:___________________________

Charly Bates
______________________________
Charly Bates, Plaintiff

Date: 08/20/2026

**COUNSEL FOR PLAINTIFFS AND THE PROPOSED SETTLEMENT CLASS:**

______________________________
Andrew W. Ferich
**AHDOOT & WOLFSON, PC**
Date: ___________________________

______________________________
Anthony L. Parkhill
**BARNOW AND ASSOCIATES, P.C.**
Date: ___________________________

______________________________
Brittany Resch
**STRAUSS BORRELLI PLLC**
Date: ___________________________

**DEFENDANT:**

Date: ___________________________

______________________________
Name
Title: ___________________________

Date:______________________________

______________________________
Charly Bates, Plaintiff

Date:______________________________

**COUNSEL FOR PLAINTIFFS AND THE PROPOSED SETTLEMENT CLASS:**

______________________________
Andrew W. Ferich
**AHDOOT & WOLFSON, PC**
Date: August 20, 2026

______________________________
Anthony L. Parkhill
**BARNOW AND ASSOCIATES, P.C.**
Date: ______________________________

______________________________
Brittany Resch
**STRAUSS BORRELLI PLLC**
Date: ______________________________

**DEFENDANT:**

Date: ______________________________

______________________________
Name
Title: ______________________________

Date:______________________________

__________________________________
Charly Bates, Plaintiff

Date:______________________________

**COUNSEL FOR PLAINTIFFS AND THE PROPOSED SETTLEMENT CLASS:**

______________________________
Andrew W. Ferich
**AHDOOT & WOLFSON, PC**
Date: ___________________________

______________________________
Anthony L. Parkhill
**BARNOW AND ASSOCIATES, P.C.**
Date: August 24, 2026

______________________________
Brittany Resch
**STRAUSS BORRELLI PLLC**
Date: ___________________________

**DEFENDANT:**

Date: ___________________________

__________________________________
Name
Title: ___________________________

Date:________________________________

________________________________
Charly Bates, Plaintiff

Date:________________________________

**COUNSEL FOR PLAINTIFFS AND THE PROPOSED SETTLEMENT CLASS:**

________________________________
Andrew W. Ferich
**AHDOOT & WOLFSON, PC**
Date: ____________________________

________________________________
Anthony L. Parkhill
**BARNOW AND ASSOCIATES, P.C.**
Date: ____________________________

Brittany Resch
________________________________
Brittany Resch
**STRAUSS BORRELLI PLLC**
Date: 08 / 20 / 2026

**DEFENDANT:**

Date: ____________________________

________________________________
Name
Title: ____________________________



Doc ID: 303de775aef844c63f26692da82222766558e0c4

Date:______________________________

______________________________
Charly Bates, Plaintiff

Date:______________________________

**COUNSEL FOR PLAINTIFFS AND THE PROPOSED SETTLEMENT CLASS:**

______________________________
Andrew W. Ferich
**AHDOOT & WOLFSON, PC**
Date: ______________________________

______________________________
Anthony L. Parkhill
**BARNOW AND ASSOCIATES, P.C.**
Date: ______________________________

______________________________
Brittany Resch
**STRAUSS BORRELLI PLLC**
Date: ______________________________

**DEFENDANT:**

Date: AUGUST 21, 2026

______________________________
Name ADAM KESSLER
Title: CEO

# — EXHIBIT A —

*0000000000000*

0 0 0 0 0 0 0 0 0 0 0 0 0

**Your claim must be submitted online or <u>postmarked by</u>: Month XX, 2026**

# CLAIM FORM

*Stern, et al. v. Academy Mortgage Corporation*
Case No.: 2:24-cv-00015-DBB-DAO
United States District Court for the District of Utah

## GENERAL INSTRUCTIONS

If you received Notice of this Settlement, the Claims Administrator identified you as a Settlement Class Member whose personally identifiable information ("PII" or "Personal Information") may have been impacted in the Data Incident. You may submit a Claim for Settlement Class Member benefits as outlined below. The Settlement Class consists of all living persons residing in the United States who were notified by Defendant that their Persona Information may have been impacted in the Data Incident. Please refer to the Long Notice posted on the Settlement Website www.[website].com for more information.

**<u>To receive Settlement Class Member benefits, you must submit a Claim Form by Month XX, 2026</u>.**

Claim Forms must be submitted electronically on the Settlement Website by the Claims Deadline above or by U.S. Mail, postmarked by the Claims Deadline. This Claim Form may be mailed to the address below. Please type or legibly print all requested information in blue or black ink. Mail your completed Claim Form, including any supporting documentation, by U.S. Mail to:

*Stern, et al. v. Academy Mortgage Corporation*
c/o Kroll Settlement Administration LLC
P.O. Box XXXX
New York, NY 10150-XXXX

**<u>Settlement Class Members may submit a Claim to receive one or all of the following benefits</u>:**

- **Reimbursement for Documented Losses:** A cash payment for up to $3,000 per Settlement Class Member for documented unreimbursed losses reasonably related to the Data Incident or to mitigating the effects of the Data Incident. Documentation is required. See Section III.
- **Pro Rata Cash Payment:** A one-time *pro rata* (proportional) cash payment. No documentation is required. The payment amount will be determined based on the number of the Valid Claims submitted. California residents who submit a sworn attestation as proof of California residency during the Claims Period will receive a one-time cash payment that is double the amount of the Pro Rata Cash Payment. See Section IV.
- **Credit Monitoring:** Three (3) years of credit monitoring, including one-bureau credit monitoring, dark web monitoring, identity theft insurance with coverage of up to $1,000,000, and fully managed identity recovery services. See Section V.

## I. SETTLEMENT CLASS MEMBER NAME AND CONTACT INFORMATION

Provide your name and contact information below. You must notify the Claims Administrator if your contact information changes after you submit this Claim Form.

______________________________ ______________________________
**First Name** **Last Name**

______________________________________________________________
**Address 1**

______________________________________________________________
**Address 2**

______________________________ __ __ __ __ __ __ __
**City** **State** **Zip Code**

**Telephone Number:** ( ___ ___ ___ ) ___ ___ ___ - ___ ___ ___ ___

**Email Address:** ________________________________________@_________________________

## II. PAYMENT SELECTION

If you would like to receive your payment through electronic transfer, please visit the Settlement Website (**www.[website].com**) and timely submit your Claim Form online on or before **Month XX, 2026**. The Settlement Website includes a step-by-step guide for you to complete the electronic payment option. If you submit this Claim Form by mail, you will receive your payment by check.

## III. CASH PAYMENT FOR DOCUMENTED LOSSES

You may submit a Claim Form for reimbursement of up to $3,000 per Settlement Class Member for documented, unreimbursed losses reasonably related to the Data Incident or to mitigating the effects of the Data Incident. To receive reimbursement for documented losses, you must attest that the losses or expenses were incurred as a result of the Data Incident and provide reasonable third-party documentation supporting the losses (e.g., telephone records, correspondence, and receipts).

Documented Losses may include, but are not limited to: (i) unreimbursed out-of-pocket credit monitoring costs that were incurred on or after March 21, 2023, through [Claims Deadline]; (ii) unreimbursed losses associated with actual fraud or identity theft; and (iii) unreimbursed bank fees, long distance phone charges, postage, or gasoline for local travel.

You may not be reimbursed for expenses if you have been reimbursed for the same expenses by another source, including compensation provided in connection with the credit monitoring and identity theft protection product offered as part of the notification letter provided by the Defendant or otherwise. If you do not submit reasonable documentation supporting a loss, if the alleged documented loss is not reasonably related to the Data Incident, or if your Claim Form is rejected by the Claims Administrator for any reason, and you fail to cure your Claim for documented losses, it will be rejected and will be treated as if you claimed a Pro Rata Cash Payment.

☐ I want to claim reimbursement for documented losses, and I have attached documentation showing that the documented losses listed on this Claim Form are reasonably related to the Data Incident or to mitigating the effects of the Data Incident.

| **Cost Type**<br>(Fill all that apply) | **Approximate Date of Loss** | **Amount of Loss** | **Description of Supporting Documentation**<br>(Identify what you are attaching and why) |
|---|---|---|---|
| Example: Credit Monitoring Service | 10/17/25<br>(mm/dd/yy) | $50.00 | Copy of credit monitoring service bill |
| | __ __/__ __/__ __<br>(mm/dd/yy) | $__________.______ | |
| | __ __/__ __/__ __<br>(mm/dd/yy) | $__________.______ | |
| | __ __/__ __/__ __<br>(mm/dd/yy) | $__________.______ | |

## IV. PRO RATA CASH PAYMENT

In addition to the reimbursement for Documented Losses, you may claim a one-time *pro rata* (proportional) cash payment. No documentation is required to submit a Claim for this cash payment. The Pro Rata Cash Payment amount will be calculated based on the total number of Valid Claims submitted as described in the Settlement Agreement, available at www.[website].com. Under the Settlement, non-California residents with Valid Claims for a Pro Rata Cash Payment will receive a one-time Pro Rata Cash Payment and California residents with Valid Claims will receive a one-time cash payment that is double that of the Pro Rata Cash Payment. Settlement Class Members must provide proof of California residency during the Claims Period, such as a sworn attestation.

☐ **Pro Rata Cash Payment**: I want to claim a one-time Pro Rata Cash Payment (non-California residents).

☐ **California Pro Rata Cash Payment**: I attest that I am a California resident and I want to claim a one-time cash payment that is double that of the Pro Rata Cash Payment amount (California residents only).

## V. CREDIT MONITORING

In addition to the reimbursement for documented losses and Pro Rata Cash Payment, you may claim three (3) years of credit monitoring services, including one-bureau credit monitoring, dark web monitoring, identity theft insurance with coverage of up to $1,000,000, and fully managed identity recovery services. The Claims Administrator will provide Settlement Class Members who select this benefit with an activation code and enrollment instructions after final approval of the Settlement. Visit the Settlement Website for updates.

☐ I want to claim credit monitoring.

## VI. ATTESTATION & SIGNATURE

By signing below, I swear and affirm under the laws of the United States that the information I have supplied in this Claim Form is true and correct to the best of my recollection.

_______________________________________ ___ ___/ ___.. ___/ ___ ___ ___ ___

Signature Date (mm/dd/yyyy)

_______________________________________

Print Name

**Reminder:**

If your address changes or you need to correct or update to the address you provide on this Claim Form, please call (XXX) XXX-XXXX or visit the "Contact Us" section of the Settlement Website www.[website].com and provide your updated address information. Make sure to include your Class Member ID and your phone number in case we need to contact you in order to complete your request.

# — EXHIBIT B —

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| LAZARO STERN, CELESTE ALLEN, LISA KUCHERRY, PETER SMITH, SHARON THOMPSON, and CHARLY BATES, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ACADEMY MORTGAGE CORPORATION,<br><br>Defendant. | **[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Case No.: 2:24-cv-00015-DBB-DAO<br><br>District Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

Before the Court is Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement (the "Motion"). Plaintiffs,[1] individually and on behalf of the proposed Settlement Class, and Defendant Academy Mortgage Corporation have entered into a Settlement Agreement that, if approved, resolves the above-captioned Action.

**BACKGROUND**

This Action arises from a Data Incident that Defendant became aware of on or about March 21, 2023, involving systems that contained information about certain customers and other individuals. In or about December 2023, Defendant began notifying individuals, including

[1] Unless otherwise defined herein, all capitalized terms in this brief have the same meanings ascribed to them in the Settlement Agreement. *See* Settlement Agreement, Section II (Definitions).

Plaintiffs and Settlement Class Members, that their information was involved in the Data Incident. Lawsuits were subsequently filed against Defendant in the United States District Court for the District of Utah.

Thereafter, all related actions were consolidated into one action. Plaintiffs filed their Second Amended Complaint on May 27, 2025, alleging various common law and statutory claims. ECF No. 74. On March 13, 2026, the parties attended a full-day mediation with Michael Ungar of UB Greensfelder LLP. No settlement was reached.

After continued, extensive litigation, on June 30, 2026, the Parties again participated in an all-day mediation overseen by Steven Jaffe of Upchurch Watson White & Max. The parties engaged in hard-fought arm's-length negotiations and eventually reached an agreement in principle on all material terms.

Plaintiffs, on behalf of themselves and the proposed Settlement Class Members, have moved without opposition for an order preliminarily approving the settlement in accordance with the Settlement Agreement and attached as **Exhibit 1** to the Motion, which, together with the exhibits attached thereto, sets forth the terms and conditions for the proposed settlement.

The Court has reviewed and considered the Motion, the Settlement Agreement and its exhibits, the record in this Action, and the applicable law.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court has reviewed the Settlement Agreement and does hereby preliminarily approve the Settlement set forth therein as fair, reasonable, and adequate, subject to further consideration at the Final Fairness Hearing described below.

2. Pursuant to Federal Rule of Civil Procedure 23(b)(3) and (e) and for purposes of this Settlement only, the Court grants provisional certification to the following Settlement Class:

> All living persons residing in the United States who were notified by Defendant that their Personal Information may have been impacted by the Data Incident. The Settlement Class specifically excludes: (i) Defendant, any entity in which Defendant has a controlling interest, and Defendant's officers, directors, legal representatives, successors, subsidiaries, and assigns; (ii) any judge, justice, or judicial officer presiding over this matter and members of their immediate families and their judicial staff; (iii) all individuals who make a timely Request for Exclusion from this proceeding using the correct protocol for opting out; and (iv) the attorneys representing the Settling Parties in the Litigation.

3. The Court provisionally finds, for settlement purposes only, that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are issues of law and fact common to the Settlement Class; (c) the claims of the Settlement Class Representatives are typical of and arise from the same operative facts and seek similar relief as the claims of the Settlement Class Members; (d) the Settlement Class Representatives and Settlement Class Counsel will fairly and adequately protect the interests of the Settlement Class as the Settlement Class Representatives have no interest antagonistic to or in conflict with the Settlement Class and have retained experienced and competent counsel to prosecute this matter on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this controversy.

4. For the purposes of the Settlement only, Plaintiffs Lazaro Stern, Celeste Allen, Lisa Kucherry, Peter Smith, Sharon Thompson, and Charly Bates are certified as the Settlement Class Representatives.

5. The Court finds that the following counsel are experienced and adequate counsel and are hereby provisionally designated as Settlement Class Counsel under Federal Rule of Civil Procedure 23(a)(4): Brittany Resch of Strauss Borrelli PLLC, Anthony L. Parkhill of Barnow and

Associates, P.C., and Andrew W. Ferich of Ahdoot & Wolfson, PC.

6. The Court preliminarily finds that the proposed Settlement should be approved as: (a) the result of serious and extensive arm's-length and non-collusive negotiations; (b) falling within a range of reasonableness warranting final approval; (c) having no obvious deficiencies; and (d) warranting notice of the proposed settlement to Settlement Class Members and further consideration of the settlement at the Final Fairness Hearing described below.

7. The Final Fairness Hearing shall be held before this Court on ________________ _____, 2026 at _______ _.m. at the Orrin G. Hatch United States District Court, District of Utah, 351 South West Temple, Salt Lake City, Utah 84101. At this hearing, the Court will determine: (a) whether the proposed settlement, on the terms and conditions set forth in the Settlement Agreement, is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; (b) whether the proposed Final Approval Order, as provided under the Settlement Agreement and attached thereto as **Exhibit B**, should be entered; (c) whether the Settlement Class should be finally certified for settlement purposes only; (d) whether Plaintiffs and proposed Settlement Class Counsel should be finally appointed as Settlement Class Representatives and Settlement Class Counsel; (e) the amount of attorneys' Fee Award and Costs that should be awarded to Class Counsel; and (f) any service awards to the Settlement Class Representatives that should be awarded. The Court will also hear any objections by Settlement Class Members to (a) the Settlement; (b) the Fee Award and Costs to Class Counsel; (c) service awards to the Settlement Class Representatives, as well as consider such other matters the Court deems appropriate.

8. The Court approves, as to form and content, the use of the full-length Claim Form in a form substantially similar to that attached as **Exhibit A** to the Settlement Agreement;

9. The Court approves as to form and content the Long Notice to be posted on the

Settlement Website and shall be available to Settlement Class Members by mail upon request to the Claims Administrator attached as **Exhibit C** to the Settlement Agreement.

10. The Court approves as to form and content the Short Notice with tear off claim form, substantially similar to **Exhibit D** to the Settlement Agreement.

11. The Court finds that the mailing and distribution of the Notice, substantially in the manner and form set forth in the Settlement Agreement attached as **Exhibit 1** to the Motion, (a) constitute the best Notice to Settlement Class Members practicable under the circumstances; (b) are reasonably calculated, under the circumstances, to describe the terms and effect of the Settlement Agreement and of the Settlement and to apprise Settlement Class Members of their right to object to the proposed Settlement; (c) are reasonable and constitute due, adequate, and sufficient Notice to all persons entitled to receive such Notice; and (d) satisfy all applicable requirements of Federal Rule of Civil Procedure 23(c)(2) and (e), the Due Process Clauses under the United States Constitution, the Rules of this Court, and other applicable laws.

12. Kroll Settlement Administration is hereby appointed as the Claims Administrator, to supervise and administer the Notice Program, as well as the processing of claims as more fully set forth below.

13. No later than 30 days after entry of the Preliminary Approval Order (i.e., the Notice Deadline), the Claims Administrator will begin notifying Settlement Class Members of the Settlement with the Short Notice, substantially similar to the form attached to the Settlement Agreement as **Exhibit D**, by U.S. mail or email to all Settlement Class Members. The Claims Administrator will establish and maintain a Settlement Website throughout the Claim Period, which will contain the Long Notice and the Claim Form to either submit online or download and mail to the Claims Administrator before the Claims Deadline. The Claims Administrator will also

maintain a toll-free telephone number and P.O. Box through which Settlement Class Members can seek additional information regarding the Settlement.

14. Settlement Class Members who wish to submit a claim in the Settlement shall complete and submit a Claim Form in accordance with the instructions contained therein. Any such Claim must be postmarked or submitted electronically no later than 90 days from the Notice Deadline, i.e., by the Claims Deadline.

15. The Claim Forms submitted by each Settlement Class Member must comply with the requirements of the Settlement Agreement.

16. Any Settlement Class Member who files a Claim Form shall reasonably cooperate with the Claims Administrator, including by promptly responding to any inquiry made by the Claims Administrator, if applicable. Any Settlement Class Member who does not timely submit a Claim Form within the time provided in the Settlement Agreement (except those Settlement Class Members who opt out) are barred from receiving any benefits under the Settlement Agreement and shall be bound by the Settlement Agreement, the Final Approval Order, and the Releases therein, unless otherwise ordered by the Court.

17. Settlement Class Members will have no later than 60 days from the Notice Deadline to decide whether to exclude themselves from the Settlement. Any Settlement Class Member wishing to opt out of the Settlement Class shall comply with the requirements of Section IX of the Settlement Agreement. Settlement Class Members who exclude themselves from the Settlement shall not be eligible to receive any benefits of and/or be bound by the terms of the Settlement Agreement.

18. Any Settlement Class Member may appear in person or through counsel, at his or her own expense, at the Final Fairness Hearing to object to the Settlement. No Settlement Class

Member will be heard, and no papers submitted by any Settlement Class Member will be considered, unless the Settlement Class Member postmarks and files the objection by no later than the Objection Date and the objection complies with the requirements set forth in Section X of the Settlement Agreement. Any Settlement Class Member who fails to comply with the requirements for submitting an objection will be deemed to have waived and forfeited any and all rights he or she may have to appear separately and/or to object to the Settlement Agreement, and the Settlement Class Member shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders, and judgments in the lawsuit.

19. All opening briefs and documents in support of any application by Plaintiffs and proposed Class Counsel for a Fee Award and Costs, and service awards, shall be filed and served by no later than 14 days prior to the deadline for Settlement Class Members to object or exclude themselves from the Settlement Agreement. Plaintiffs shall file a Motion for Final Approval of the Class Action Settlement no later than 14 days prior to the Final Fairness Hearing.

20. At or after the Final Fairness Hearing, the Court shall determine whether any applications for the service awards and an attorneys' Fee Award and Costs should be approved. The Court reserves the right to enter a Final Approval Order approving the Settlement regardless of whether it has granted same.

21. All reasonable expenses incurred in identifying and notifying Settlement Class Members, as well as administering the Settlement, shall be the responsibility of Defendant and come out of the established Settlement Fund, as set forth in the Settlement Agreement.

22. Neither this Preliminary Approval Order, the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendant of the truth of any of the allegations in the

Action, or of any liability, fault, or wrongdoing of any kind.

23. The Court reserves the right to adjourn the date of the Final Fairness Hearing without further notice to the Settlement Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties to the Settlement Agreement, if appropriate, without further notice to the Settlement Class.

24. If the Settlement Agreement is not approved or consummated for any reason whatsoever, the Settlement Agreement and Settlement and all proceedings had in connection therewith shall be without prejudice to the rights of the parties to the Settlement Agreement status quo ante.

25. Until otherwise ordered by the Court, the Court shall continue to stay all proceedings in the action other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement. The Court retains continuing and exclusive jurisdiction over the implementation, enforcement, and administration of the Settlement and this Preliminary Approval Order.

IT IS SO ORDERED.

Date: ______________ ____________________________________

Hon. David B. Barlow
United States District Judge

# — EXHIBIT C —

# NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

United States District Court for the District of Utah
*Stern, et al. v. Academy Mortgage Corporation*, Case No.: 2:24-cv-00015-DBB-DAO

## If your Personal Information may have been impacted by the March 2023 Academy Mortgage Corporation Data Incident, you may be eligible for benefits from a class action settlement.

*A federal court authorized this Notice. You are not being sued. This is not a solicitation from a lawyer.*

- A Settlement has been reached with Academy Mortgage Corporation (the "Defendant") in a class action lawsuit about the potential unauthorized access to certain information on Defendant's computer systems in or around March 2023 during which personally identifiable information ("PII" or "Personal Information"), including first and last names, Social Security numbers, dates of birth, and financial account information, may have been accessed and taken. The Plaintiffs allege negligence, breach of implied contract, invasion of privacy, and violations of various state consumer protection acts, among other claims. The Defendant denies all allegations and any wrongdoing.
- The Settlement Class consists of all living persons residing in the United States who were notified by Defendant that their Personal Information may have been impacted by the Data Incident.
- If approved by the Court, the Defendant will pay $1,995,000 into a Settlement Fund to resolve the Litigation. The Settlement Fund will provide benefits to Settlement Class Members who submit Valid Claims, including reimbursement of up to $3,000 for documented losses, Pro Rata Cash Payments, and three (3) years of credit monitoring services, as well as the Costs of Claims Administration, taxes, and any Court-approved service awards and attorneys' fees, costs, and expenses. The Defendant has also made certain information security enhancements designed to further protect personal information maintained on its systems.
- Your rights are affected whether you do or do not act. Please read this Notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS | | DEADLINE |
|---|---|---|
| **SUBMIT A CLAIM FORM** | The only way to receive Settlement Class Member benefits is to submit a valid and timely Claim Form. | **Month XX, 202X** |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT (OPT OUT)** | If you opt out, you will not be bound by the terms of the Settlement and you keep the right to sue the Defendant about the claims resolved by this Settlement. You will not receive any Settlement Class Member benefits. | **Month XX, 202X** |
| **OBJECT TO THE SETTLEMENT AND/OR ATTEND A HEARING** | If you do not opt out of the Settlement, you may object to it and tell the Court what you do not like about it. You may also ask the Court for permission to speak about your objection at the Final Fairness Hearing. If you object, you may still submit a Claim Form for Settlement Class Member benefits. | **Month XX, 202X** |
| **DO NOTHING** | If you do nothing, you will not get any Settlement Class Member benefits and you give up the right to sue the Defendant about the claims resolved by this Settlement. | **No deadline** |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.
- The Court in charge of this case still must decide whether to approve the Settlement.

# WHAT THIS NOTICE CONTAINS

**Basic Information** 3
1. Why was this Notice issued? 3
2. What is this Litigation about? 3
3. What is a class action? 3
4. Why is there a Settlement? 3

**Who is in the Settlement?** 3
5. Who is included in the Settlement? 3
6. Are there exceptions to being included? 3

**The Settlement Class Member Benefits** 4
7. What does the Settlement provide? 4
8. Tell me more about the reimbursement for documented losses. 4
9. Tell me more about the Pro Rata Cash Payment. 4
10. Tell me more about the credit monitoring services. 5
11. How will Pro Rata Cash Payments be calculated? 5
12. What claims am I releasing if I stay in the Settlement? 5

**How to get Settlement Class Member Benefits – Making a Claim** 5
13. How do I submit a Claim Form to get Settlement Class Member benefits? 5
14. When will I receive the Settlement Class Member benefits? 5

**The Lawyers Representing You** 6
15. Do I have a lawyer in this case? 6
16. Should I get my own lawyer? 6
17. How will the lawyers be paid? 6

**Excluding Yourself From the Settlement** 6
18. How do I opt out of the Settlement? 6

**Objecting to the Settlement** 6
19. How do I tell the Court if I do not like the Settlement? 6
20. What is the difference between objecting and opting out? 7

**The Court's Final Fairness Hearing** 7
21. When is the Court's Final Fairness Hearing? 7
22. Do I have to come to the Final Fairness Hearing? 7

**If You Do Nothing** 7
23. What happens if I do nothing at all? 8

**Getting More Information** 8
24. How do I get more information? 8

# BASIC INFORMATION

**1. Why was this Notice issued?**

A Court authorized this Notice because you have a right to know about the proposed Settlement of this class action and about all of your options before the Court decides whether to grant final approval of the Settlement. This Notice explains the Litigation, your legal rights, what benefits are available, and who can receive them.

The Litigation is called *Stern, et al. v. Academy Mortgage Corporation*, Case No.: 2:24-cv-00015-DBB-DAO pending in the United States District Court for the District of Utah. The people who filed this Litigation are called the "Plaintiffs" and the company they sued, Academy Mortgage Corporation, is called the "Defendant."

**2. What is this Litigation about?**

In or around March 2023, the Defendant became aware of potential unauthorized access to certain information on Defendant's computer systems (the "Data Incident"). After an investigation, the Defendant determined personally identifiable information ("PII" or "Personal Information") may have been accessed and taken during the Data Incident. The Personal Information includes, but is not limited to, first and last names, Social Security numbers, dates of birth, and financial information. Beginning in December 2023, the Defendant began notifying potentially impacted individuals about the Data Incident. The Plaintiffs allege negligence, breach of implied contract, invasion of privacy, and violations of the California Consumer Protection Act, the California Customer Records Act, the California Unfair Competition Law, the Washington Consumer Protection Act, and the Idaho Consumer Protection Act. The Defendant denies all of the Plaintiffs' claims and any wrongdoing.

**3. What is a class action?**

In a class action, one or more individuals sue on behalf of other people with similar claims. These individuals who sue are known as "Settlement Class Representatives" or Plaintiffs. Together, the people included in the class action are called a "Settlement Class" or "Settlement Class Members." One court resolves the lawsuit for all Settlement Class Members, except for those who exclude themselves (sometimes called, "opting out") from a settlement. In this Settlement, the Settlement Class Representatives are Lazaro Stern, Celeste Allen, Lisa Kucherry, Peter Smith, Sharon Thompson, and Charly Bates.

**4. Why is there a Settlement?**

The Court has not decided in favor of the Plaintiffs or Defendant. The Defendant denies all claims and contends that it has not violated any laws. The Plaintiffs and Defendant agreed to a Settlement to avoid the costs and risks of a trial and, through the Settlement, Settlement Class Members are eligible to claim Settlement Class Member benefits. The Plaintiffs and their attorneys, who also represent Settlement Class Members as "Settlement Class Counsel," believe the Settlement is in the best interests of all Settlement Class Members.

# WHO IS IN THE SETTLEMENT?

**5. Who is included in the Settlement?**

The Settlement Class consists of all living persons residing in the United States who were notified by Defendant that their Personal Information may have been impacted by the Data Incident.

**6. Are there exceptions to being included?**

Yes. The Settlement Class specifically excludes: (i) Defendant, any entity in which Defendant has a controlling interest, and Defendant's officers, directors, legal representatives, successors, subsidiaries, and assigns; (ii) any judge, justice, or judicial officer presiding over this matter and members of their immediate families and their judicial staff; (iii) all individuals who make a timely Request for Exclusion from this

proceeding using the correct protocol for opting out; and (iv) the attorneys representing the Settling Parties in the Litigation.

## THE SETTLEMENT CLASS MEMBER BENEFITS

### 7. What does the Settlement provide?

The Settlement requires the Defendant pay $1,995,000 into a Settlement Fund to resolve the lawsuit, if the Settlement is approved by the Court. The Settlement Fund will provide benefits to Settlement Class Members who submit Valid Claims, as well as the Costs of Claims Administration, taxes, and Court-approved service awards and attorneys' fees, costs, and expenses.

Settlement Class Members may submit a claim for any or all of the following benefits:

- **Reimbursement for Documented Losses**: A cash payment of up to $3,000 per Settlement Class Member for documented unreimbursed losses reasonably related to the Data Incident or to mitigating the effects of the Data Incident. Documentation is required.
- **Pro Rata Cash Payment**: A one-time *pro rata* (proportional) cash payment. No documentation is required. The payment amount will be determined based on the number of the Valid Claims submitted. California residents are eligible to receive a one-time cash payment that is double the amount of the Pro Rata Cash Payment. To qualify, California residents must provide proof of California residency during the Claims Period. A sworn attestation will satisfy this requirement.
- **Credit Monitoring**: Three (3) years of credit monitoring service, which includes single-bureau credit monitoring, dark web monitoring, identity theft insurance with coverage of up to $1,000,000, and fully managed identity recovery services.

The Defendant has also made certain information security enhancements designed to further protect personal information maintained on its systems.

### 8. Tell me more about the reimbursement for Documented Losses.

Settlement Class Members may submit a Claim Form for reimbursement of up to $3,000 per Settlement Class Member for documented, unreimbursed losses reasonably related to the Data Incident or to mitigating the effects of the Data Incident. To receive reimbursement for documented losses, you must attest that the losses or expenses were incurred as a result of the Data Incident and provide reasonable third-party documentation supporting the losses (e.g., telephone records, correspondence, and receipts).

Documented losses may include, but are not limited to: (i) unreimbursed, out-of-pocket costs incurred for credit monitoring services purchased on or after March 21, 2023, through [Claims Deadline]; (ii) unreimbursed losses associated with actual fraud or identity theft; and (iii) unreimbursed bank fees, long-distance phone charges, postage, or local travel.

You may not be reimbursed for expenses if you have been reimbursed for the same expenses by another source, including compensation provided in connection with the credit monitoring and identity theft protection product offered as part of the notification letter provided by the Defendant or otherwise. If you do not submit reasonable documentation supporting a loss, or if your Claim Form is rejected by the Claims Administrator for any reason, and you fail to cure your claim for documented losses, it will be rejected and will be treated as if you claimed a Pro Rata Cash Payment.

### 9. Tell me more about the Pro Rata Cash Payment?

In addition to the reimbursement for documented losses, Settlement Class Members may claim a one-time *pro rata* (proportional) cash payment. No documentation is required to submit a claim for this cash payment. The payment amount will be determined based on the number of Valid Claims submitted (see Question 11).

California residents with Valid Claims are eligible to receive a one-time cash payment equal to twice the Pro Rata Cash Payment amount. To qualify, California residents must provide proof of California residency during the Claims Period. A sworn attestation satisfies this requirement.

**10. Tell me more about the Credit Monitoring.**

In addition to the reimbursement for documented losses and Pro Rata Cash Payment, Settlement Class Members may claim three (3) years of credit monitoring services, which include single-bureau credit monitoring, dark web monitoring, identity theft insurance with coverage of up to $1,000,000, and fully managed identity recovery services.

The Claims Administrator will provide Settlement Class Members who select this benefit with an activation code and enrollment instructions after final approval of the Settlement. Visit the Settlement Website for updates.

**11. How will Pro Rata Cash Payments be calculated?**

Once the costs of Claims Administration, taxes, and any Court-approved service awards and attorneys' fees, costs, and expenses have been deducted from the Settlement Fund, the remaining balance (the "Net Settlement Fund") will be used to pay the costs of Valid Claims in the following order: credit monitoring, reimbursement for documented losses, and Pro Rata Cash Payments. The Pro Rata Cash Payment amount (the "Initial Cash Amount") will be calculated based on the total number of Valid Claims submitted as described in the Settlement Agreement, available at www.[website].com. Under the Settlement, non-California residents with Valid Claims will receive the Initial Cash Payment amount and California residents with Valid Claims during the Claims Period will receive two times the Initial Cash Payment amount.

Note: If the total costs of Valid Claims for documented losses exceeds the total amount of the remaining Net Settlement Fund, then cash payments for Valid Claims for documented losses will be reduced on a *pro rata* basis and no Pro Rata Cash Payments will be distributed.

**12. What claims am I releasing if I stay in the Settlement?**

Unless you opt out of the Settlement, you cannot sue, continue to sue, or be part of any other lawsuit against the Defendant or the Released Parties based on the legal claims this Settlement resolves. The Releases section in the Settlement Agreement describes the legal claims that you give up if you remain in the Settlement Class. The Settlement Agreement can be found at www.[website].com.

## HOW TO GET SETTLEMENT CLASS MEMBER BENEFITS – MAKING A CLAIM

**13. How do I submit a Claim Form to get Settlement Class Member benefits?**

You must submit a Claim Form by **Month XX, 202X** to receive Settlement Class Member benefits. Claim Forms must be submitted, with any necessary supporting documentation, online at **www.[website].com**, or by mail, postmarked by **Month XX, 202X**, to the Claims Administrator at:

*Stern, et al. v. Academy Mortgage Corporation*
c/o Kroll Settlement Administration LLC
P.O. Box XXXXXX
New York, NY 10150-XXXX

**14. When will I get Settlement Class Member benefits?**

The short answer is – after the Settlement is "finally approved" and any challenges to that approval are finally resolved. The Court is scheduled to hold a Final Fairness Hearing on **Month XX, 202X**, to decide whether to approve the Settlement, Settlement Class Counsel's request for attorneys' fees, costs, and expenses, and the service awards for the Settlement Class Representatives who brought this Litigation on behalf of the Settlement Class.

If the Court approves the Settlement, there may be appeals. It is always uncertain whether appeals will be filed and, if so, how long it will take to resolve them. Settlement benefits will be distributed as soon as possible, if and when the Court grants final approval of the Settlement and after any appeals are resolved.

## THE LAWYERS REPRESENTING YOU

**15. Do I have a lawyer in this case?**

Yes, the Court appointed Brittany Resch of Strauss Borrelli PLLC, Anthony L. Parkhill of Barnow and Associates, P.C., and Andrew W. Ferich of Ahdoot & Wolfson, PC to represent you and other members of the Settlement Class as Settlement Class Counsel. You will not be charged directly for these lawyers; instead, they will receive compensation from the Settlement Fund (subject to Court approval).

**16. Should I get my own lawyer?**

It is not necessary for you to hire your own lawyer because Settlement Class Counsel works for you. If you want to be represented by your own lawyer, you may hire one at your own expense.

**17. How will the lawyers be paid?**

Settlement Class Counsel will ask the Court to approve attorneys' fees of up to one-third of the Settlement Fund, $665,000, plus reimbursement of reasonable out-of-pocket litigation expenses of up to $50,000, as well as a $2,500 service award for each of the six Settlement Class Representatives. If approved, these amounts will be paid from the Settlement Fund before providing benefits to Settlement Class Members who submit Valid Claims.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

**18. How do I opt out of the Settlement?**

If you do not want to receive any benefits from the Settlement, and you want to keep your right to separately sue the Defendant about the legal issues in this case, you must take steps to exclude yourself from the Settlement Class. This is called "opting out" of the Settlement Class.

To exclude yourself from the Settlement, you must submit a written Request for Exclusion to the Claims Administrator that includes the following information:

- Your full name and contact information;
- A statement indicating your intent to request exclusion, such as "I wish to opt out of the Settlement in *Stern, et al. v. Academy Mortgage Corporation*, Case No.: 2:24-cv-00015-DBB-DAO."; and
- Your signature.

Your Request for Exclusion must be mailed to the Claims Administrator at the address below, postmarked no later than **Month XX, 202X**.

*Stern, et al. v. Academy Mortgage Corporation*
c/o Kroll Settlement Administration LLC
ATTN: Requests for Exclusion
P.O. Box XXXXXX
New York, NY 10150-XXXX

## OBJECTING TO THE SETTLEMENT

**19. How do I tell the Court if I do not like the Settlement?**

If you are a Settlement Class Member, you may choose (but are not required) to object to the Settlement if you do not like it or a portion of it, whether that be to the Settlement Class Member benefits, request for attorneys' fees, costs and expenses, or service awards, the releases provided to the released parties, or some other aspect of the Settlement. Through an objection, you give reasons why you think the Court should not approve the Settlement.

To be considered by the Court, your objection must include:

- Your full name, address, telephone number, and e-mail address (if any);
- Information identifying you as a Settlement Class Member, including proof of Settlement Class membership (e.g., copy of notice, copy of original notice of the Data Incident);
- A written statement of all grounds for the objection, accompanied by any legal support for the objection you believe applicable;
- A statement as to whether the objection applies only to you, to a specific subset of the Settlement Class, or to the entire Settlement Class;
- The identity of any and all counsel representing you in connection with the objection;
- A statement as to whether you and/or your counsel will appear at the Final Fairness Hearing;
- A list of all settlements to which you and/or your counsel have objected in the preceding three (3) years;
- a statement disclosing whether any artificial intelligence tool was used to prepare or assist in preparing any portion of the written objection; and
- Your signature and the signature of your duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation).

Objections must be filed with the Court and mailed to the Claims Administrator, postmarked by **Month XX, 202X**, at the following address:

*Stern, et al. v. Academy Mortgage Corporation*
c/o Kroll Settlement Administration LLC
ATTN: Objections
P.O. Box XXXXXX
New York, NY 10150-XXXX

**20. What is the difference between objecting and opting out?**

Objecting is telling the Court that you do not like something about the Settlement. You can object to the Settlement only if you do not exclude yourself from it. Excluding yourself from the Settlement means telling the Court you do not want to be part of the Settlement. If you exclude yourself or opt out of the Settlement, you cannot object to it because the Settlement no longer affects you.

## THE COURT'S FINAL FAIRNESS HEARING

**21. When is the Court's Final Fairness Hearing?**

The Court is scheduled to hold a Final Fairness Hearing on **Month XX, 202X at XX:X0 a.m./p.m. MT**, at [Courthouse Name and address], to decide whether to approve the Settlement, Settlement Class Counsel's request for attorneys' fees, costs, and expenses, and the service awards for the Settlement Class Representatives. The date and time of this hearing may change without further notice. Please check www.[website].com for updates.

**22. Do I have to come to the Final Fairness Hearing?**

No. Class Counsel will answer any questions the Court may have on behalf of the Settlement Class. You may attend at your own expense. If you file an objection, you may come to the Final Fairness Hearing to talk about it, but it is not required. If you file your written objection on time and in accordance with the requirements above, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

## IF YOU DO NOTHING

**23. What happens if I do nothing at all?**

If you are a Settlement Class Member and you do nothing, you will give up your right to start a lawsuit, continue a lawsuit, or be part of any other lawsuit against the Defendant and the Released Parties, as defined in the Settlement Agreement, about the legal issues resolved by this Settlement. In addition, you will be bound by the Releases in the Settlement and will not be eligible to receive any Settlement Class Member benefits.

## GETTING MORE INFORMATION

**24. How do I get more information?**

This Notice summarizes the proposed Settlement. Complete details are provided in the Settlement Agreement. The Settlement Agreement and other related documents are available at the Settlement Website, www.[website].com.

If you have additional questions or need to update your address, you may contact the Claims Administrator by telephone at (XXX) XXX-XXXX, or by mail at:

*Stern, et al. v. Academy Mortgage Corporation*
c/o Kroll Settlement Administration LLC
P.O. Box XXXX
New York, NY 10150-XXXX

# — EXHIBIT D —

*Stern, et al. v. Academy Mortgage Corporation*
c/o Kroll Settlement Administration LLC
P.O. Box XXXX
New York, NY 10150-XXXX

FIRST-CLASS MAIL
U.S. POSTAGE PAID
CITY, ST
PERMIT NO. XXXX

**ELECTRONIC SERVICE REQUESTED**

NOTICE OF CLASS ACTION SETTLEMENT

**You may be eligible for benefits from a class action settlement regarding the March 2023 Academy Mortgage Corporation Data Incident.**

www.[website].com

Class Member ID: <<Refnum>>

**Postal Service: Please do not mark or cover**

<<FirstName>> <<LastName>>
<<Address>>
<<Address2>>
<<City>>, <<ST>> <<Zip>>-<<zip4>>
<<Country>>

A class action Settlement has been reached with Academy Mortgage Corporation (the "Defendant") in *Stern, et al. v. Academy Mortgage Corporation*, Case No.: 2:24-cv-00015-DBB-DAO. The Litigation arises from a March 2023 Data Incident in which an unauthorized party may have accessed and taken from Defendant's computer network certain personally identifiable information ("PII" or "Personal Information"), including first and last names, Social Security numbers, dates of birth, and financial account information. The Plaintiffs allege negligence, breach of implied contract, invasion of privacy, and violation of various state consumer protection acts, among other claims. The Defendant denies all allegations and any wrongdoing.

**Am I included?** Defendant's records show that you are a Settlement Class Member. The Settlement Class includes all living persons residing in the U.S. whose who were notified by Defendant that their Personal Information may have been impacted by the Data Incident.

**What does the Settlement provide?** If approved by the Court, the Defendant will pay $1,995,000 into a Settlement Fund to resolve the Litigation. The Settlement Fund will provide benefits to Settlement Class Members who submit Valid Claims, including reimbursement of up to $3,000 of documented losses, Pro Rata Cash Payments, and three (3) years of Credit Monitoring services, as well as the Costs of Claims Administration, taxes, and Court-approved service awards and attorneys' fees, costs, and expenses. The Defendant has also made certain information security enhancements designed to further protect personal information maintained on its systems.

**How do I get Settlement Class Member benefits?** You must file a Claim Form online at www.[website].com by **Month XX, 2026**, or by U.S. Mail postmarked by the Claims Deadline to receive Settlement Class Member benefits. You may use the attached tear-off Claim Form to submit a Claim for certain benefits. Please visit the Settlement Website for a full description of Settlement Class Member benefits and how to submit a Claim Form.

**What are my other options?** Do Nothing. If you do nothing, you will not receive any Settlement Class Member benefits, you will remain a member of the Settlement Class, and you will give up your rights to sue the Defendant and Released Parties for the claims resolved by this Settlement. Opt-Out. If you do not want any benefits, but you want to keep your right to sue the Defendant or the Released Parties for the claims resolved by this Settlement, you must request to exclude yourself from the Settlement Class (called "opting out"). Object. If you do not opt out, you may object to the Settlement and ask the Court for permission to speak at the Final Fairness Hearing. The Opt-Out and Objection Date is **Month XX, 2026**.

**The Court's Final Fairness Hearing.** The Court will hold a hearing on **Month XX, 2026** to decide whether to approve the Settlement, up to $665,000 in attorneys' fees, plus reimbursement of reasonable out-of-pocket litigation expenses of up to $50,000, and a $2,500 service award to each of the six Settlement Class Representatives for the efforts on behalf of the Settlement Class. You or your lawyer may attend the hearing at your own expense.

**For more information or to update your address:** Visit www.[website].com for complete details about the Settlement and instructions on how to act on your rights and options. You may also call (XXX) XXX-XXXX for more information.

*Stern, et al. v. Academy Mortgage Corporation*
c/o Kroll Settlement Administration LLC
P.O. Box XXXXXX
New York, NY 10150-XXXX

<<Barcode>>

Class Member ID: <<Refnum>>

**POSTCARD CLAIM FORM**

Claim Forms must be postmarked or submitted online no later than **Month XX, 202X**. To receive payment electronically or to file a Claim for **reimbursement for documented losses**, you MUST submit a Claim Form online or use the full Claim Form available on the Settlement Website and provide supporting documentation for your Claim.

Class Member ID: <<refnum>>
<<firstname>> <<mi>> <<lastname>>
<<address1>> <<address2>> <<City>>,
<<State>> <<Zip>>

If different from the preprinted data on the left, please print your correct address information.

Address

City State Zip Code

Check the box next to the benefit(s) you wish to receive.

You may claim one or both of the following benefits by tearing off this Claim Form and mailing it to the Claims Administrator.

☐ **Pro Rata Cash Payment**: I want to receive a one-time *pro rata* (proportional) cash payment. Payment amount to be determined after all costs, fees, and awards have been deducted and all Valid Claims submitted (non-California residents).

☐ **California Pro Rata Cash Payment**: I attest that I am a California resident and I want to claim a one-time cash payment that is double that of the Pro Rata Cash Payment amount (California residents only).

☐ **Credit Monitoring**: I want to receive 3 years of Credit Monitoring services. The Claims Administrator will provide Settlement Class Members who select this benefit with an activation code and enrollment instructions after final approval of the Settlement.

By signing below, I swear and affirm under the laws of the United States and under penalty of perjury that the information supplied in this Claim Form is true and correct to the best of my knowledge or recollection:

| **Signature:** | **Date (MM/DD/YYYY):** |
| --- | --- |